Daniel, J.
The plea rejected by the court was, I think, defective. It does not aver a warranty of the quality of the goods for the price of which the single bill in the declaration mentioned is alleged to have been given; nor does it aver that the defendants in error knew that the representations alleged to have been made by them with respect to the soundness and marketable quality of said goods were untrue, or that they used any fraud or art to disguise or conceal their true condition or quality. The plea is, I think, liable also to a further objection. After setting out that the defendants in error had represented the goods to be sound and marketable, when in fact they were unsound and damaged, and by reason thereof unsaleable, the plea proceeds to state further that the plaintiff in error was a merchant doing business, &c., and that he had endeavored to the best of his skill to keep for sale articles of merchandise of a sound and marketable character, and had usually done so until he was induced, by the false representations of the defendants in error, to purchase the goods in question, and that the mixing of them with the merchandise on hand in his store injured the sale of the others, depriving the said plaintiff in error of custom, and seriously damaging him in his business. And the plea concludes by averring his right to have the damages sustained by reason of the several matters in the plea set forth allowed as a setoff to the bond.
If the special damage to the business of the plaintiff in error as a merchant, just above mentioned, could *257 avail him as a defence in any form of plea, (about which it is not necessary to express an opinion,) I think it very obvious that a plea relying on remote consequences would have to be characterized by a particularity of averment, in which the one under consideration is plainly wanting. The plea was, I think, properly rejected. I have been unable, however, to discover any valid ground of objection to the plea demurred to. It distinctly avers that the defendants in error represented, the articles bought to be sound and of a good and marketable quality; and that the plaintiff in error, relying upon and believing the said representations, purchased the bill of goods: And that said representations were untrue, and that the defendants in error, at the time of making them, knew them to be untrue, and knowingly made them with the intent to defraud the said plaintiff in error. And the plea then proceeds to set out the unsoundness of numerous articles purchased, and to detail, otherwise, particulars in which the representations had turned out to be untrue. The plea substantially sets out a false warranty and avers damage from its breach.
It is true that this plea labors under the formal defect of duplicity, in as much as it also avers that by the agreement the defendants in error were to forward and deliver all of the articles purchased, and that some of them had never been forwarded and delivered; and damage is claimed for this breach of the agreement. Two distinct grounds of defence, breach of warranty and partial failure of consideration, are thus relied on in one plea. This defect might have been remedied if it had been pointed out by a special demurrer, but it is not of a character so essential to the defence as to be reached by a general demurrer. I think therefore that the court erred in sustaining instead of overruling the demurrer; and that for this cause the judgment should be reversed as to the amount of two hundred *258 dollars, the damages claimed as a setoff by the plea, and affirmed as to the residue; and the cause remanded further proceedings, with liberty to the defendants tn error to withdraw their demurrer and reply to said Plea’
The other judges concurred in the opinion of Daniel, J.
Judgment reversed.