# CHARLESTON

### HUNTINGTON EASY PAYMENT COMPANY *v*. PARSONS.

### Submitted March 5, 1907.    Decided April 17, 1907.

1. DAMAGES—*Elements—Litigation.*
   Though the measure of damages, in an action by a lessee against the lessor, for failure to give possession of the leased premises at the time stipulated for the commencement of the term, is a legal rule, it is founded upon equitable considerations, which bind the injured party to such prudent action and reasonable exertion as will mitigate the injury, and deny to him recovery of such damages as he could have prevented thereby.  (p. 27.)

2. LANDLORD AND TENANT—*Delivery of Possession—Action—Damages.*
   A tender of possession of the premises, made by a lessor to the lessee, a short time after the date on which he was, by the terms of the lease entitled thereto, the situation of the lessee then being

such as to enable him to accept the same without serious inconvenience or detriment, will limit the recovery of general damages, for breach of the covenant, for quiet enjoyment, to the period intervening between the date on which possession should have been given, and the date of the tender. (p. 29.)

3. Same—*Waiver*.
   Acceptance of the premises by the lessee, after the date on which the lessor was bound to deliver possession thereof, constitutes no waiver of the lessee's right of action for the damages suffered by him prior to the date of such acceptance. (p. 31.)

4. Damages—*Burden of Proof—Mitigation*.
   The burden of proof of matter operating to mitigate damages is on the defendant; and evidence offered for the establishment of such defense must be sufficient in breadth to cover all the essential elements thereof, in order to prevent its proper exclusion by the court, on an objection or motion made therefor. (p. 32.)

Error to Circuit Court, Cabell County.

Action by the Huntington Easy Payment Company against W. E. Parsons and wife. From a judgment in favor of plaintiff, defendant brings error.

*Reversed. Remanded.*

Vinson & Thompson, for plaintiffs in error.

Geo. J. McComas, for defendant in error.

Poffenbarger, Judge:

For damages, general and special, for breach of a covenant in a lease of business rooms, for the period of five years, the Huntington Easy Payment Company obtained a verdict in the circuit court of Cabell county, against W. E. Parsons and Harriett Parsons, his wife, for the sum of $1200.00. Under the impression that an error had been committed in respect to three items of special damages, namely, $200.00 for goods damaged, $80.00 for removing goods from one place to another in Huntington, and $16.75 for loss of time by employes, due to the greater time required for removing to Eighth Avenue than would have been required for removal to the leased premises, the court, on a motion to set aside the verdict, reduced it to the extent of the aggregate of said three items, overruled the motion as to the residue of the verdict and rendered judgment thereon for $903.25, to which the defendants obtained a writ of error.

The contract of lease made on the 25th day of June, 1903, leased the property for the term of sixty months, in consideration óf $75.00 a month. It contained the following clause: "It is further covenanted and agreed by said parties of the first part that at the signing and ensealing of these presents the said parties of the first part shall give immediate notice to E. W. Chase to vacate said room and obtain possession thereof as soon as possible, not later than the 14th day of September, 1903, and the rent for said premises not to commence until the possession thereof is delivered to said party of the second part." The lessee did not obtain possession of the property within the time stipulated. Chase did not vacate the premises until the 14th day of December, 1903. A dispute arose between him and the lessor as to whether his contract was one of rental by the month or by the year. The evidence discloses that the lessors demanded of him the premises, but instituted no proceedings for ousting him. After the institution of this action and Chase's vacation of the premises, possession thereof was tendered to the lessee, but it declined to accept the same and also refused a tender of the one month's rent which had been paid in advance. This occurred late in December, 1903, or very early in January, 1904.

The nature and extent of damages sued for are, very fully disclosed by the bill of particulars, filed with the declaration which, in all material respects, reads as follows:

"Difference between value of the lease for the
term of five years in excess of the contract
price, 60 months at $50.00 . . . . . . . . . . . . . . . . . . . . $3000.00
Extra expense of moving stock of goods from
Third Avenue, between 10th and 11th streets
of Huntington, to 8th Avenue, rather moving
to building leased . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 150.00
Cost of removing stock back to Third Avenue . . . . 80.00
Value of time of managers and employes, lost by
reason of the greater time it took to remove
stock to 8th Avenue, than required to remove
it to the house contracted for . . . . . . . . . . . . . . . . . 16.75
Loss on sales of articles forced to be sold at a
reduced price by reason of location of stock
on 8th Avenue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2701.50

Value of articles destroyed by sleet on night of re-
   moval for want of room to put them inside.    200.00
Loss resulting from decrease of volume of business  3774.50
Rent paid in advance not returned and with interest    77.75."

The instructions given by the court are not complained of. The principal contention is that the verdict is contrary to the instructions, as well as to the law which determines the measure of damages. For the plaintiff in error, it is argued that, as in January, 1904, less than four months from the date on which the lessee was, by the terms of the contract, entitled to the possession, a tender thereof was made, there was no right to recover for the whole term of sixty months, but only for such portion of the term as had been lost; and, assuming that the value of the premises, according to the testimony, was $150.00 a month instead of $75.00, the difference of $75.00 for the four months would be the utmost amount that could have been recovered, on account of general damages for breach of the contract. On the other hand, for the defendant in error, the right to recover, as general damages, for the whole period of sixty months, the difference between the rent agreed to be paid and the actual rental value of the property, is insisted upon. Both parties rely upon the rule declared in *Robrecht* v. *Marling*, 29 W. Va. 765, and stated in point 4 of the syllabus as follows: "In an action of damage for the failure of the landlord to give possession of property, which has been leased, or from which he has ejected the tenant, where the gist of the action is the deprivation of the benefit of the lease, whether the action be covenant or tort, the general rule is, that the plaintiff is entitled as the measure of his damages to the difference between the rent reserved and the value of the premises for the term. He may also recover such special damages, as have been directly and necessarily occasioned by the defendant's wrongful act or default, but can not recover, what he might have made on the premises during the lease, nor for loss sustained by the selling of his stock, agricultural implements &c. for less than their value."

Measure of damages, the rule underlying the matter in controversy, must not be confused with the legal principles which determine the right to possession of the premises and the right to recover damages for breach of the contract.

Failure of the lessor to give possession, or eviction of the lessee after he has taken possession, confers upon the latter the right to treat the contract as rescinded and refuse to take the premises or pay the rent. The lessor's breach, unless waived in some way, will defeat any remedy he may invoke for the enforcement of his contract. But the lessee is not bound to take possession. He may stand upon his contract and recover damages for the breach. He may demand so much of the land, or all of it for so much of the term, as the lessor is able to yield to him, and damages for what he has not, or cannot give. He has a right of election. He cannot be compelled to take and pay for less than he contracted for, but he may take less, if he sees fit to do so, and recover damages by way of compensation for what he can not get. Here, rigid, positive legal principles govern. The right of action and title to damages are fixed by law and are not subject to the control of courts and juries. But the measure of damages in such a case, the amount of the recovery, is quite another matter. Equitable considerations enter into it, although the right of recovery is founded in the law and the remedy is a legal one. The amount to be recovered must be proportionate to the extent of the injury, and, when the injured party has failed or refused to lessen his injury by such prudent action and reasonable exertion as were in his power, recovery will be denied to him to the extent of his failure of duty. This is a general rule, applicable, when the circumstances warrant it, on the adjustment of a great many classes of demands. Suth. Damages, section 88. This author says: "The law imposes upon a party injured by another's breach of contract or tort the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible. If by his negligence or wilfulness he allows the damage to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him." It is applicable between vendor and vendee and lessor and lessee. Suth. Damages, sections 89, 90. This Court recognizes and enforces the principle. *Griffith* v. *Boom & Lumber Co.*, 55 W. Va. 604; *Hurxthal* v. *St. Lawrence Boom Co.*, 53 W. Va. 87. There are some exceptions to, and qualifications of, the rule, but it operates in the determination of

the amount of the recovery for general damages for breach of a contract of lease. *Adair* v. *Bogle*, 20 Ia. 238, the opinion in which was written by Judge Dillon, and is quoted with approval by this Court in *Robrecht* v. *Marling*, cited. This eminent jurist said: " Two principles should, in cases like the present, be impressed upon juries: 1st. The plaintiff should recover only such damages as have directly and necessarily been occasioned by the defendant's wrongful act or default; and, 2d. That if the plaintiff, by reasonable exertions or care on his part, could have prevented such damages, he is bound to do so; and so far as he could have thus prevented them, he cannot recover therefor. The injured party is entitled to recover only such sum as will make him whole. This he is entitled to recover, so far as his injury has been the direct or natural cause of the wrongful act of the other party."

To have obtained the benefit of its entire contract for sixty months, five years, with the exception of only four or five months, it would have cost the lessee nothing more than the mere acceptance of the tender of possession and use, made by the lessors. Its acceptance of this would not have been a waiver of any right of action it had for general or special damages. By accepting, at the time the offer was made, it would have taken from the lessors nothing more than it was entitled to have, not even all it was entitled to have. The rendition by the lessee of this portion of what they had bound themselves for would have constituted no consideration for a release or waiver on the part of the lessee; nor could it have in any sense constituted an estoppel. What element of injury or deception could have been involved in the acceptance of what the lessors tendered? The tender was accompanied by no demand for a waiver or release of damages. The lessee was simply notified that the property had been vacated by the former tenant and that the lessors then desired it to take possession under its contract. The argument, therefore, that the tender was insufficient and justified an award of general damages for the whole term is obviously fallacious and unsound.

No reason is shown why the lessee could not then have accepted the possession. The premises were vacant and open for occupancy by it not later than January 4, 1904. On De-

cember 14, 1903, less than one month before, it had temporarily moved into another building, without any view to remaining there permanently or for a considerable length of time. It had no business room that it expected, or was bound, to hold. It was then in the market, according to its contention, for just such a property as the lessors offered. If the testimony had shown something peculiar in their situation, rendering the acceptance of the offered premises at that time burdensome and oppressive and, therefore, sufficient, in equity and conscience, to absolve from the duty to take them, it might constitute a ground for another element or item of damages, general or special, but as the evidence disclosed nothing of the kind, it is unnecessary to consider it.

As the highest estimate of the rental value of the property was $150.00, and the contract rental $75.00 a month, the difference could not have exceeded four or five times said sum, which would have been less than four hundred dollars, and, together with all that could have been recovered as special damages, would not have exceeded $600.00 or $650.00. As the verdict, after amendment by the court, exceeded this sum by more than one hundred dollars, a principle declared in *Robrecht* v. *Marling*, made it the duty of the court to set aside the verdict, because it exceeded in amount the sum which might have been found upon the evidence, after giving it all the weight and probative value that it was entitled to. In the case referred to, the court held: " If it clearly appear to the court that the verdict was made excessive by the admission of such illegal evidence, the court should set aside the verdict and grant a new trial; and, if the evidence or facts are certified on writ of error, and the verdict clearly appears to the appellate court to be excessive because of the admission of such illegal evidence, said court will disregard such evidence, reverse the judgment and set aside the verdict." Since there is not here even illegal evidence as a basis for the excessive amount of this verdict, the case is much stronger. As to two or three hundred dollars of the amount, there is no evidence at all.

An assignment of error goes to the action of the court in refusing to allow a witness to testify that certain business

rooms, located in the same section of the city in which the leased property is situated, and not far distant from it, were completed and ready for occupancy in November, 1903. This evidence was offered for the purpose of rebutting evidence introduced by the plaintiff to the effect that diligent, but fruitless, effort had been made to obtain a store room in that portion of the city. The court excluded it on the ground of the want of any evidence tending to show that the plaintiff or any of its officers or agents had any knowledge of the vacancy of said rooms. The burden of proving omission of duty, on the part of the plaintiff, to mitigate the damages, rests upon the defendant. 13 Cyc. 192; *James* v. *Kibler's Heirs*, 94 Va. 165. Evidence offered to establish a defense, operating to mitigate damages, ought to be sufficient in law to sustain a finding. It must extend to all the elements of such defense, which may include a number of connected facts, and usually does include two or more. The evidence offered must tend to prove all the essential facts, for the admission of only partial proof would confuse and mislead the jury. The evidence offered here fails to show that the rooms in question could have been rented by the plaintiff. The proposal was to prove only that they were completed and ready for occupancy. In excluding it, the court ruled properly.

For the error noted, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed.    Remanded.*