# CHARLESTON.

E. L. MORRISON *v.* R. F. ALLEN

(No. 6034)

Submitted October 16, 1928. Decided October 23, 1928.

*S. U. G. Rhodes* for plaintiff in error.
*L. M. Doolittle,* and *Wm. B. Hogg,* for defendant in error.

LIVELY, PRESIDENT:

From a verdict and judgment thereon in favor of the plaintiff below, the defendant below and plaintiff in error here, prosecutes this writ.

The errors relied upon are: (1) Failure of the lower court to sustain a demurrer to the declaration; (2) introduction of improper evidence and failure to strike such improper evidence after it was admitted; and (3) failure to set aside the verdict as contrary to the law and evidence.

Logically, the first inquiry is upon the first point of error, namely, the sufficiency of the declaration. The declaration is by E. L. Morrison against R. F. Allen in an action of trespass on the case in which it is averred that on June 21, 1924, defendant, acting as agent of Jasper Allen with whom the plaintiff was negotiating for the purchase of a certain tract of land, came to plaintiff for the purpose of delivering the deed therefor, and represented to him that the deed was one of general warranty as agreed upon by the vendor, Jasper Allen, and the vendee, the plaintiff. But that the deed so delivered was not a general warranty deed, but had been fraudulently and maliciously altered by defendant a short while before delivery, to a special warranty deed, a fact not known by the plaintiff until long afterwards; that plaintiff,

relying upon the representations of defendant that the deed was one of general warranty and in total ignorance of the alteration, was induced to accept the deed and to pay and agree to pay the amount of purchase money agreed upon with the vendor; and that by reason thereof he was damaged to the amount of $3,000.00, and therefore brings this suit. A demurrer to this declaration was interposed and overruled. It is insisted here by counsel for plaintiff in error that the declaration is bad, because it unites a cause of action in contract with one sounding in tort. We do not think this point of demurrer is tenable. The demurrer is general and it is likely that the lower court overruled the demurrer on the point of demurrer above set out. The gist of the action is the fraud of defendant in changing the deed from general to special warranty of title, and the misrepresentation of defendant to the effect that the deed was that of general warranty, whereas, in truth, it was special warranty when delivered; and relying upon that representation, plaintiff agreed to pay the purchase price for the land; and wherefore he was damaged $3,000.00. Clearly the gist of the action is for fraud and misrepresentations and is not based on contract. The suit is not against Jasper Allen, but against the defendant acting as agent of Jasper for defendant's fraud and misrepresentations. It can be reasonably concluded that defendant exceeded his authority in changing the deed just before it was delivered and after it had come into his hands for delivery as a general warranty deed. But there is a more serious objection to the sufficiency of the declaration. The damages alleged are general. The declaration does not show how plaintiff was damaged. The *ad damnum* or general allegation of damage is not sufficient. It does not necessarily follow that plaintiff has been injured because he received a special warranty deed instead of a general warranty deed. Special warranty deeds are not inherently bad. It is generally considered that a general warranty deed is better, because there is behind it the warranty of the grantor; yet that warranty may be of little or no value, depending upon the financial responsibility of the grantor. It does not necessarily follow that a special warranty deed will be attacked or that someone will claim a superior title. It is common knowledge that special warranty deeds

have and do convey perfect title. If imperfect, they may ripen into perfect title by possession, use and enclosure of the land. What we are trying to accentuate is that although the damages may naturally result by reason of a special warranty deed, it does not necessarily follow that they will result. In such cases the law of pleading is very well settled. Chitty on Pleading (16 Am. Ed.), Vol. 1, p. 516, concisely states the rule of pleading in such instances as follows: "But when the law does *not necessarily imply* that the plaintiff sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity. * * * And whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it." To the same effect is Ency. of Pl. & Pr., Vol. 5, p. 719, which says: "Special damages, which are the natural but not necessary result of the injury complained of, must be specifically alleged. Such injuries do not necessarily result from the defendant's wrongful act, but flow from it as a natural and proximate consequence; hence they must be specially alleged in order that the defendant may have notice thereof and be prepared to meet the same upon trial." The text is sustained by citations from nearly all of the states, including the case of *Cunningham* v. *Smith*, 10. Gratt. (Va.) 225, 60 Am. Dec. 333, which latter case is as binding upon this Court as if it had been rendered by this Court. The same principle is laid down in our case of *Pegram* v. *Stortz*, 31 W. Va. 220, and discussed on pages 339 and 340. 8 R. C. L., p. 612, paragraph 157, reiterates the rule and cites very many modern cases in its support. That great work says: "Special damages, that is damages which do not necessarily result from the injury complained of, must be specially pleaded, except where they are conclusively presumed from the facts stated. The purpose of the rule is to advise the defendant of the case he is expected to meet and thus prevent surprise at the trial." Accentuating the text of the above

authors may be cited *Ryerson* v. *Marseillis,* 16 N. J. L. 450; *Lewis* v. *Corbin,* 195 Mass. 520; *Robinson* v. *Syracuse Rapid Transit Ry. Company,* 91 N. Y. Supp. 909; *Hahn* v. *Petters,* (Wis. February, 1926), 207 N. W. 291; 4 Sutherland on Damages, p. 4434, sec. 1180. Viewing the declaration under this well settled rule of pleading, we find it insufficient; and the demurrer thereto should have been sustained with leave to the plaintiff to amend if he so desired.

It would be improper to discuss the other points of error for, upon a new trial, there may be an entirely new case. It may be said in conclusion that counsel for the plaintiff below and defendant in error here has ably presented, both in the brief and oral argument, the substantive rights of the plaintiff under the evidence. But we cannot consider the evidence or the merits of the case, because of the defective declaration under which they were developed. The case will be reversed and remanded to the lower court with leave to the plaintiff to amend his declaration if he be so advised.

*Reversed and remanded.*