PERCY KRETH MARTIN *v*. BOARD OF EDUCATION OF LINCOLN COUNTY

(No. 8781)

Submitted October 25, 1938. Decided November 22, 1938.

*Smith & Smith* and *Lee, Blessing & Steed,* for plaintiff in error.

HATCHER, JUDGE:

A school teacher seeks damages against a board of education for its alleged breach of his school contract.

May 16, 1935, the board of education of Lincoln County "placed" plaintiff as principal of West Hamlin graded school, in Sheridan District. June 5th, a regular school contract was signed by the president and secretary of the board and plaintiff, which recited *his appointment* as above stated, and fixed his salary at $124.11 a month for a term of nine months, or such part thereof as funds available would permit. August 30th, the county superintendent of schools, with the approval of the board, transferred plaintiff to Red River school, in Laurel Hill District, and so notified him September 3rd. Ignoring the notice, plaintiff reported for duty at the Hamlin school when the term opened, insisting upon his contractual right to teach there. His demand was refused by the substituted principal and the superintendent. March 9, 1936, the latter notified plaintiff that he could assume the position at Hamlin and he did so at once. In the meantime, he had been a student at Marshall College; and since the first of the year had been supervising adult education in Lincoln County, for which he was paid a monthly salary of $100.00 by a federal bureau. He continued this supervision after assuming the principalship of the Hamlin school. He testified that his supervisory duties were performed mostly at night and had not interfered "in any way" with his collegiate studies or school work.

Plaintiff recovered a judgment for $823.60 as salary accruing prior to March 9, 1936, with interest, under his contract to teach the Hamlin school.

There is no appearance here for plaintiff. Counsel for defendant premise that Code, 18-4-10, authorizes the transfer of a teacher; that plaintiff's contract was made subject to the statute; and that in exercising this statutory power defendant will be presumed to have acted in good faith, there being no countervailing evidence. The record shows, however, a wholesale shift of teachers at the time of plaintiff's transfer, and that later, following a decision of this court (not named, but assuredly *White* v. *Board of Education of Lincoln County*, 117 W. Va. 114, 184 S. E. 264, 103 A. L. R. 1376, and without move on his part, he was invited by the superintendent to assume the principalship of the Hamlin school. This proof was sufficient to establish *prima facie* that plaintiff's transfer was capricious, and no evidence to the contrary was offered. *Neal* v. *Board*, 116 W. Va. 435, 181 S. E. 541: *White* v. *Board, supra.*

Counsel take the position that it was incumbent upon plaintiff to mitigate his damages and for that purpose he should have taught the Red River school, and in any event that his claim should be diminished by the amount he received from the federal bureau between January 1st and March 9, 1936. Counsel cite *Griffith* v. *Boom Co.*, 55 W. Va. 604, and related cases. The citations simply pronounce the general rule, without any qualifications, that it is "the duty" of a party, injured by the breach of his contract, to exercise reasonable diligence to minimize his damages. (See criticism of this mode of expressing the rule. Restatement, Contracts, section 336, comment on subsection 1, d.) The rule, however, does not require him to show such diligence. He may rest his case upon proof of a valid contract and its breach, the measure of his damages being the contract price of his services. Mitigation of damages is an affirmative defense, and its burden is entirely on the contract breaker. *Huntington Co.* v. *Parsons*, 62 W. Va. 26, 57 S. E. 253, 9 L. R. A. (N.

S.) 1130, 125 Am. St. Rep. 954; *Davis* v. *Lumber Co.,* 85 W. Va. 191, 198, 101 S. E. 447; *School Directors* v. *Kimmel,* 31 Ill. App. 537; *Farrell* v. *School District,* 98 Mich. 43, 47, 56 N. W. 1053; *School District* v. *Crabtree,* 146 Okla. 197, 294 P. 171; *Kring* v. *School District,* 105 Neb. 864, 182 N. W. 481; *School District* v. *Wright,* 184 Ark. 405, 42 S. W. (2d) 555, 556; *Tate* v. *School District,* 324 Mo. 477, 23 S. W. (2d) 1013, 70 A. L. R. 771, 793; Labatt, Master and Servant (2d Ed.), sec. 399. This burden is not sustained by showing that the injured party was offered employment, though similar to that contracted, at an inconvenient place to him or, as some of the authorities say, "in another locality."*Byrne* v. *School District,* 139 Iowa 618, 117 N. W. 983; Labatt, *supra,* sec. 394; Williston Contracts (Rev. Ed.), sec. 1359; Restatement, Agency, sec. 455, comment d; 15 Am. Jur., subject Damages, sec. 33; 56 C. J., subject Schools, etc., sec. 358; Annotation, 28 A. L. R., pp. 742-3. And earnings he actually received in dissimillar employment should not be credited on his contractual damages, unless the employment is shown to have been incompatible with his contractual service. *Gates* v. *School District,* 57 Ark. 370, 376, 21 S. W. 1060, 38 Am. St. Rep. 249; *Jaffray* v. *King,* 34 Md. 217; Sedgwick, Damages (9th Ed.), sec. 667, p. 1354; Sutherland, Damages (4th Ed.), sec. 693, pp. 2564-5. Here, all that the record discloses concerning the locations of the Hamlin and Red River schools is that they are in different districts. The natural presumption arises that they are in different localities; if not, defendant should have so proved, since the burden was on it "for the establishment of such defense * * * to cover all the essential elements thereof." *Huntington Co.* v. *Parsons, supra.* The school superintendent testified that had he known plaintiff was continuing his night work while teaching the Hamlin school, such work would not have been permitted. Why not, the superintendent did not say. So plaintiff's testimony that this work did not interfere with his duties as school principal is not directly controverted. Besides, the question was spe-

cifically submitted to the jury, and resolved in plaintiff's favor.

The judgment is affirmed.

*Affirmed.*