Ina Thomason and Shedrick Beggs

*v.*

G. S. Mosrie

(No. 10205)

Submittd April 18, 1950.   Decided July 15, 1950.

*Clark M. Thornton, James S. Kahle,* for plaintiff in error.

*Ajax T. Smith, Robert Carr,* for defendants in error.

HAYMOND, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Mercer County by the plaintiffs, Ina Thomason, formerly Ina Thomason Cornett, and Shedrick Beggs, as partners, to recover from the defendant G. S.

Mosrie damages alleged to have resulted from fraud and deceit practiced by him in the sale of a lease upon a building and a restaurant, including fixtures and food supplies in the leased building, in the City of Princeton. The declaration contains two counts and the damages claimed by the plaintiffs and stated generally in the declaration were in the sum of $5,000.00. An attachment was issued and levied upon certain real estate of the defendant. The court overruled the demurrer of the defendant to the declaration and each of its counts and, upon the issues raised by the declaration and the defendant's plea of not guilty and the evidence introduced in behalf of the respective parties, the jury returned a verdict in favor of the plaintiffs for $3,750.00. By its order of April 5, 1949, the trial court overruled the separate motions of the defendant to set aside the verdict and to enter judgment in favor of the defendant notwithstanding the verdict, and rendered judgment in favor of the plaintiffs for the amount of the verdict with interest and costs. The order also directed a sale of the real estate of the defendant under the levy of the attachment. To the final judgment this Court granted this writ of error upon the petition of the defendant.

Each of the two counts of the declaration contained, in substance, these allegations:

On September 11, 1944, J. M. Mosrie was the owner of a lot of land on Mercer Street in the City of Princeton, on which was located a one story building suitable for use as a restaurant and a dwelling. On that day, by instrument in writing, he leased the foregoing property to the defendant G. S. Mosrie for a term of five years from February 1, 1945, at a rental of $47.50 per month. The lease provided that if J. M. Mosrie should sell or build upon the property, G. S. Mosrie should, within a reasonable time thereafter, surrender possession of the property to J. M. Mosrie or his vendee. The defendant G. S. Mosrie took possession of the leased premises and operated a restaurant in the building until he assigned his rights under the lease to the plaintiff, Ina Thomason. By deed dated March 19, 1946, and duly recorded in the office of

the Clerk of the County Court of Mercer County, J. M. Mosrie and his wife sold and conveyed the property occupied by the defendant to Chahin El Mosrie. By written notice given to the defendant G. S. Mosrie on March 26, 1946, J. M. Mosrie and Chahin El Mosrie informed him of the sale and the conveyance of the property to Chahin El Mosrie and notified G. S. Mosrie that, by virtue of the sale and the conveyance, the lease was terminated, and that he was required to deliver possession of the property to Chahin El Mosrie on or before June 1, 1946.

G. S. Mosrie failed to comply with the requirement of the notice to deliver possession to Chahin El Mosrie, and on a day prior to October 24, 1946, told the plaintiff, Ina Thomason, in the building on the leased premises, that he would sell her the restaurant, its stock of goods and provisions, the equipment and the fixtures then in the building, and the lease for the sum of $5,000.00, and at that time, with intent to deceive and defraud the plaintiff, Ina Thomason, and to induce her to accept his offer of sale, falsely and fraudulently concealed from her the sale and the conveyance of the property by J. M. Mosrie to Chahin El Mosrie and the notice to him of the termination of the lease. At the time of the offer of the defendant G. S. Mosrie to sell to the plaintiff, Ina Thomason, the restaurant, the stock of goods and provisions, the equipment and the fixtures, and the lease, she called to the attention of the defendant G. S. Mosrie the provision of the lease relating to its termination in the event J. M. Mosrie should sell the property or build upon it within the five year term and requiring G. S. Mosrie to deliver possession of the property to J. M. Mosrie or his vendee within a reasonable time after such sale of such building; and the defendant G. S. Mosrie, with intent to deceive and defraud the plaintiff, Ina Thomason, and to induce her to accept his offer of sale, then falsely and fraudulently warranted and represented to her that, if she accepted his offer, she need not worry about a termination of the lease during its five year term because of the foregoing provision, that J. M. Mosrie still owned the leased property, that he

would not want possession of the property during the term of the lease, and that, if she accepted the offer of sale, she could retain possession of the premises during the remainder of the five year term of the lease.

After this conversation with the defendant G. S. Mosrie, the plaintiff, Ina Thomason, on October 24, 1946, informed the plaintiff, Shedrick Beggs, of the foregoing offer, representations and statements of the defendant, G. S. Mosrie, to her, and she and the plaintiff, Shedrick Beggs, then formed a partnership for the purpose of purchasing the restaurant, the stock of goods and provisions, the equipment and the fixtures, and the lease from the defendant, and she and Beggs agreed that Beggs should furnish $1,000.00 of the purchase price and receive a one fifth interest and that she should furnish the remainder of the purchase price and receive a four fifths interest in the partnership.

Subsequently, on October 24, 1946, the plaintiff, Ina Thomason, in accordance with the foregoing partnership agreement, relying upon the false and fraudulent representations and statements of the defendant G. S. Mosrie, and believing them to be true, purchased from him, in behalf of the plaintiffs, as partners, the restaurant, the stock of goods and provisions, the equipment and the fixtures, and the lease, for the sum of $5,000.00, of which sum she paid the defendant $1,000.00 in cash and $3,600.00 by her conveyance to him of her residence property. She also assumed the payment of a lien upon a cash register, part of the property purchased, in the amount of $236.05, and agreed to pay the residue of the purchase price of $163.95 within four months from the date of the sale of the property to her. All of the purchase price was paid by her before the institution of this action except a small portion of the lien upon the cash register, which was not due at that time and which is payable in installments of $22.50 per month. Upon the conclusion of the sale, the defendant G. S. Mosrie assigned all his rights under the lease to the plaintiff, Ina Thomason, by an instrument in writing dated October 24, 1946.

Neither of the plaintiffs had any notice or knowledge, prior to the purchase of the property from the defendant, of the sale and the conveyance of the leased property by J. M. Mosrie and wife to Chahin El Mosrie, or of the notice to G. S. Mosrie to deliver possession of the property to Chahin El Mosrie, or of any intention upon the part of J. M. Mosrie or Chahin El Mosrie to take possession of the leased premises during the remainder of the five year term of the lease; and at the time of their purchase from the defendant G. S. Mosrie both plaintiffs believed and relied upon his false and fraudulent representations and statements and made such purchase because of and in reliance upon such representations and statements.

The plaintiffs operated the restaurant on the leased premises from the date of their purchase until they were obliged to vacate the premises in June, 1947. After a notice given by J. M. Mosrie and Chahin El Mosrie to the defendant, G. S. Mosrie, and the plaintiff, Ina Thomason, requiring her to vacate the leased premises on or before January 1, 1947, J. M. Mosrie and Chahin El Mosrie, on March 15, 1947, recovered a judgment against them for possession of the premises and damages for their detention, with interest and costs, in an action of unlawful detainer before a justice of Mercer County. The plaintiff, Ina Thomason, appealed from the judgment of the justice to the Circuit Court of Mercer County and, on June 2, 1947, that court rendered judgment in favor of Chahin El Mosrie against the plaintiff, Ina Thomason, for possession of the premises and $142.50 damages and costs, including a statutory attorney fee of $10.00. Since the entry of the foregoing judgment the plaintiffs have been unable to rent or procure suitable premises in which to operate the restaurant purchased by them and for that reason were obliged to sell the restaurant goods, equipment and fixtures at a great loss and quit the restaurant business.

Both counts of the declaration charge, as damages, that by reason of the false, fraudulent, deceitful and wrongful conduct of the defendant, the plaintiffs have been deprived of all their rights under the lease and of all profits

and advantages which would have accrued to them if the false, fraudulent and deceitful statements of the defendant had been true, have been obliged to sell the goods, the equipment and the fixtures at a great loss, and have been required to pay moneys for costs and attorney fees in defense of the action before the justice and on appeal and have become liable for other sums of money. Neither count, however, states or specifies the amount of the loss or the amount of money paid by the plaintiffs or for which they have become obligated.

The declaration was filed at July Rules, 1947, and on August 19, 1947, the defendant moved the trial court to require the plaintiffs to furnish counsel for the defendant "a bill of particulars showing the particulars of their claim". The court granted the motion and required the plaintiffs to file "a bill of particulars of their claim" on or before August 20, 1947. The plaintiffs failed to file the "bill of particulars" and, several days before the beginning of the trial on December 16, 1947, counsel for the plaintiffs informed counsel for the defendant that they believed the declaration furnished all the information desired by counsel for the defendant but that if it did not do so, counsel for the plaintiffs would furnish any particular information which counsel for the defendant should desire. No request for any particular information, in response to the foregoing offer, was made by counsel for the defendant and, after the court overruled the demurrer to the declaration, the defendant entered his plea of not guilty and issue was joined upon the plea.

Upon the trial the plaintiff introduced evidence, in support of the allegations of the declaration of the fraudulent acts of the defendant. The evidence in behalf of the plaintiffs showed that the defendant, prior to the sale by him of the lease and the restaurant to the plaintiff, Ina Thomason, in behalf of the partnership on October 24, 1946, knew that J. M. Mosrie and wife had sold and conveyed the leased property to Chahin El Mosrie and that the rights of the defendant in the lease for the residue of the five year term had terminated under the provisions

of the lease; that he did not disclose the true situation to the plaintiff, Ina Thomason, who did not know that the leased property had been sold, that the lease had been terminated, or that the defendant had been notified to deliver possession of the property to the purchaser Chahin El Mosrie; that the defendant falsely and fraudulently represented to the plaintiff, Ina Thomason, that he had the right to sell the lease and that she would be protected in her right to occupy the premises under the lease for the residue of the five year term; that she believed and relied upon the false representations of the defendant in purchasing the restaurant, the goods and the provisions, the equipment and the fixtures, and the lease, and was induced to purchase them by reason of the false representations and statements of the defendant; that she paid the purchase price of $5,000.00 on October 24, 1946, the date of the sale, by a payment of $1,165.95, in cash to the defendant, which was furnished by the plaintiff, Shedrick Beggs, who borrowed $1,200.00 and contributed that amount in connection with the purchase, the execution and the delivery of a deed for a residence property owned by her in Princeton of the value of $3,600.00 and the assumption of a lien existing on a cash register, part of the property purchased, amounting to $236.05; that the plaintiffs were unable to obtain any other premises in which to operate the restaurant or to use the fixtures and the equipment; that the plaintiffs kept possession of the leased premises, which consisted of the portion in which the restaurant had been operated by the defendant prior to its sale by him and adjoining living quarters which were occupied by the plaintiffs, until June 10, 1947, when, because of a judgment of the Circuit Court of Mercer County against Ina Thomason awarding possession of the property to the purchaser, Chahin El Mosrie, and damages of $142.50 and costs, including an attorney fee of $10.00, the plaintiffs were required to vacate the premises.

The defendant, in his testimony, denied that he had misrepresented the situation with respect to the lease, but he admitted that he had not told the plaintiff, Ina Thomason, that the leased property had been sold and

conveyed by J. M. Mosrie or that he had been notified to give possession of the property, for the reason that he did not believe that there had been an actual sale of the property or that either J. M. Mosrie or Chahin El Mosrie intended or desired to take possession of the property during the residue of the five year term of the lease. He denied that he assured the plaintiff, Ina Thomason, that he would protect her in her possession of the premises. under the lease. He also testified that when she learned. of the sale of the leased property to Chahin El Mosrie, shortly after he sold her the restaurant and the lease, she told him that she was satisfied with the sale, even though the property had been sold and the lease terminated under its provisions, and that he offered to rescind the sale of the property purchased by her from him, repay her the money paid, reconvey the residence property which she had conveyed to him, and take back the restaurant and the lease if she was not satisfied with the sale. This testimony of the defendant that the plaintiff, Ina Thomason, was satisfied with the sale and that he offered to rescind it was denied by her and controverted by testimony introduced by the plaintiffs.

The evidence shows that the owner, Chahin El Mosrie, shortly after the sale of the restaurant and the lease by the defendant, told the plaintiff, Ina Thomason, that she did not have any lease on the building; that she could stay until he wanted it, which might be a day, a week, two weeks or a month, but that when he wanted "the building, he wanted it"; that Chahin El Mosrie did not want possession of part of the premises; that he was unable to get possession of the whole until after the plaintiff, Ina Thomason, had been convicted of committing adultery with the plaintiff, Shedrick Beggs; and that the basis of the action of unlawful detainer, in which judgment for possession of the property was rendered, was that the plaintiff, Ina Thomason, used the premises for an immoral or illegal purpose. It also appears from the evidence that the judgment for $142.50 damages represented three months' rent under the lease at $47.50

per month during the time the plaintiffs occupied the premises.

It is clear that the gist of this action, as well as the principal element of damage, is the loss of the lease by the plaintiffs which resulted from the fraudulent conduct of the defendant. The declaration, however, contains no allegation of special damages resulting from the loss of the lease, and there is no evidence of the value of the lease or the amount of loss in its value sustained by the plaintiffs because of its termination before the expiration of the residue of the five year term remaining after October 24, 1946. The period of the lease was five years from February 1, 1945, subject to termination within a reasonable time after J. M. Mosrie, the owner and the lessor, should sell or build on the leased property. At the time the plaintiffs took possession, on October 24, 1946, the remaining period was approximately three years and four months and the plaintiffs had possession of the premises for approximately seven and one half months, from October 24, 1946, to June 10, 1947, when they were required to and did vacate the property. Though the declaration alleges that the plaintiffs were deprived of profits by reason of the fraudulent conduct of the defendant, there is no evidence that the plaintiffs operated or could have operated the restaurant at a profit or that the loss of the lease caused them any loss of profits in any definite or reasonable amount. The declaration alleges that on account of the fraudulent, deceitful and wrongful conduct of the defendant the plaintiffs, being unable to obtain suitable premises in which to operate their restaurant, have been obliged to sell the goods, the equipment and the fixtures at a great loss, have been required to pay moneys for costs and attorney fees in defense of the action of unlawful detainer before the justice and on appeal, and have become obligated for other sums of money, but the plaintiffs introduced no evidence to show that they had paid or become liable for any sum of money for attorney fees or costs in the defense of the action either before the justice or on appeal except the item of $10.00 as a statutory attorney fee included in the costs of

the action. The only other evidence of any loss sustained by the plaintiffs relates to the goods and the stock of provisions and the equipment and the fixtures.

Under the above recited allegations in each count of the declaration that by reason of the false, fraudulent, deceitful and wrongful conduct of the defendant, the plaintiffs have been deprived of all benefits, advantages and profits which, if the false and fraudulent representations and statements of the defendant had been true, would have accrued to the plaintiffs from continuing their restaurant business during the residue of the five year term of the lease after the premises were vacated by them, and that they were required to sell the stock of goods and the equipment and the fixtures at a great loss and to quit the restaurant business, the plaintiffs introduced evidence to the effect that the stock of goods and provisions was worth $250.00 and the equipment and the fixtures were sold at a fair price for a total of $753.55. The bill of sale introduced in evidence shows that the purchase price of the stock of goods and provisions and the equipment and the fixtures was the conveyance of the residence property of Ina Thomason, which she and the defendant valued at $3,600.00, and the additional sum of $400.00, or the total sum of $4,000.00. The defendant testified that the value of the stock of goods and provisions was $1,800.00, based upon an inventory introduced in evidence, and that the price of the equipment and the fixtures, as shown by the inventory, was $3,390.00 at the time of the sale. The plaintiff, Ina Thomason, testified that she sold the equipment and the fixtures for $753.55, and that the price at which she sold them was a fair price. A witness produced in behalf of the plaintiffs testified that the equipment was worth $800.00 in December, 1945. The plaintiffs do not charge that the defendant misrepresented either the quantity or the value of the stock of goods and provisions or the equipment and the fixtures, and the proof with respect to them is that the plaintiff, Ina Thomason, saw and examined those articles and agreed to purchase them as they were in the restaurant at the time of the sale, along with the lease, for the sum of $5,000.00.

The evidence also indicates that the plaintiffs used, con-
sumed, or sold the stock of goods and provisions in their
operation of the restaurant after the sale was concluded.

At the conclusion of the evidence the plaintiffs offered
one instruction which was objected to by the defendant,
and the defendant offered seven instructions, to each of
which the plaintiffs objected. The trial court sustained
each of the objections and refused to give any of the
offered instructions; and the case was submitted to the
jury without instructions. After the jury returned a ver-
dict in favor of the plaintiffs, the defendant moved the
court to set aside the verdict and grant the defendant a
new trial and to enter judgment in favor of the defend-
ant notwithstanding the verdict. By order entered April
5, 1949, the court overruled both motions of the defendant
and entered the judgment which the defendant seeks to
reverse on this writ of error.

The principal questions presented by the numerous
errors assigned by the defendant are: (1) Whether the
declaration is sufficient and its allegations adequate to
permit the introduction of the evidence offered by the
plaintiffs; and (2), whether the verdict is supported by
the evidence.

The allegations of the declaration of the false and fraud-
ulent representations and statements of the defendant to
the plaintiff, Ina Thompson, with respect to the lease and
her right to the possession of the leased premises during
the residue of the five year term, and of his willful failure
to disclose to her, prior to his sale of the restaurant and
the lease, that the lease had been terminated, by the sale
of the leased property by J. M. Mosrie to Chahin El
Mosrie, within a reasonable time after such sale, and that
notice to the defendant requiring him to deliver possess-
sion of the property on or before June 1, 1946, had been
received by him on March 26, 1946, sufficiently charge
fraud and deceit upon the part of the defendant. An
action for fraud and deceit may be maintained against a
person who makes a false representation of a fact, with

knowledge of its falsity, to a person who is ignorant of its falsity, with intent that it shall be acted upon, if the person to whom it is made acts upon it and by so acting suffers injury. *Horton* v. *Tyree,* 102 W. Va. 475, 135 S. E. 597. With respect to the damages which resulted from the fraud of the defendant, the allegations of both counts of the declaration are general except the allegations that by reason of the false, fraudulent, deceitful and wrongful conduct of the defendant, the plaintiffs have been obliged to sell the goods, the equipment and the fixtures at a great loss, have been required to pay money for costs and attorney fees, and have been obligated for other sums of money in the defense of an action for possession of the leased property before a justice and on appeal. Though expenses of litigation and attorney fees incurred in a tort action for fraud generally are not recoverable, costs and expenses incurred in collateral litigation may be recovered when they are a proximate result of the fraud. 37 C. J. S., Fraud, Section 141e (2). The allegations in each count relating to damages to the plaintiffs in paying costs and attorney fees, and in incurring liability for other sums of money in defense of the action for possession of the leased property, caused by the fraud of the defendant, constitute sufficient averments of special damages and render the declaration good on demurrer.

Where damages sought to be recovered for an injury which results from fraud and deceit or other cause are the natural but not the necessary result of the facts alleged in the declaration, such damages must be specifically alleged; and in a case involving such damages a declaration which contains only a general allegation of damages is insufficient on demurrer. *Morrison* v. *Allen,* 106 W. Va. 224, 145 S. E. 277. In the opinion in the *Morrison* case, in discussing the rule which requires special damages which are the natural but not the necessary result of the injury complained of to be specifically alleged, this Court says: "In such cases the law of pleading is very well settled. Chitty on Pleading (16 Am. Ed.), Vol. 1, p. 516, concisely states the rule of pleading in such

instances as follows: 'But when the law does *not necessarily imply* that the plaintiff sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity. * * * And whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it.' To the same effect is Ency. of Pl. & Pr., Vol. 5, p. 719, which says: 'Special damages, which are the natural but not necessary result of the injury complained of, must be specifically alleged. Such injuries do not necessarily result from the defendant's wrongful act, but flow from it as a natural and proximate consequence; hence they must be specially alleged in order that the defendant may have notice thereof and be prepared to meet the same upon trial.' The text is sustained by citations from nearly all of the states, including the case of *Cunningham* v. *Smith,* 10 Gratt. (Va.) 225, 60 Am. Dec. 333, which latter case is as binding upon this Court as if it had been rendered by this Court. The same principle is laid down in our own case of *Pegram* v. *Stortz,* 31 W. Va. 220, and discussed on pages 339 and 340. 8 R. C. L., p. 612, paragraph 157, reiterates the rule and cites very many modern cases in its support. That great work says: 'Special damages, that is damages which do not necessarily result from the injury complained of, must be specially pleaded, except where they are conclusively presumed from the facts stated. The purpose of the rule is to advise the defendant of the case he is expected to meet and thus prevent surprise at the trial.'" Application of the foregoing rule renders insufficient the allegations of damages set forth in both counts of the declaration, except the special damages alleged relative to costs, attorney fees and other sums paid and incurred by the plaintiffs in defense of the action before the justice and on appeal which caused them to vacate the leased premises in June, 1947. In conse-

quence the general allegations of damages are insufficient to permit the plaintiffs to introduce proof of any such general allegations. The declaration contains no allegation of special damages resulting to the plaintiffs from the loss of the lease for the residue of the five year term, and no evidence of such loss was, or properly could have been, introduced upon the trial, although damages resulting from the loss of the lease constitute the gist of the action and are the principal result of the fraud of which the plaintiffs complain.

The measure of damages in this case for deprivation of the benefit of the lease is the difference between the rent reserved of $47.50 per month and the value of the leased premises for the residue of the five year term after October 24, 1946. "In an action for damages for the failure of the landlord to give possession of the property, which has been leased, or from which he has ejected the tenant, where the gist of the action is the deprivation of the benefit of the lease, whether the action be covenant or tort, the general rule is, that the plaintiff is entitled as the measure of his damages to the difference between the rent reserved and the value of the premises for the term. * * *." See Point 4, Syllabus, Robrecht v. Marling's Adm'r., 29 W. Va. 765, 2 S. E. 827; Huntington Easy Payment Company v. Parsons, 62 W. Va. 26, 57, S. E. 253, 9 L. R. A., N. S., 1130, 125 Am. St. Rep. 954.

The allegations that the plaintiffs have been deprived of all profits and advantages which would have accrued to them from their operation of the restaurant during the residue of the five year term is purely speculative and fails to show that any profit from the operation of the business was definite, certain, or reasonably probable, and no evidence of loss of profits was, or properly could have been, offered upon the trial. In an action for fraud and deceit the plaintiff can not recover speculative damages. Laing v. Crichton, 110 W. Va. 3, 156 S. E. 746; 37 C. J. S., Fraud, Section 141d. As to the allegations that the plaintiffs have been required to pay money for costs and attorney fees and have become obligated for other sums of

money in defense of the action before the justice and on appeal, there is no evidence to establish any item of damages of that character except an item of $10.00 as a statutory attorney fee, included in the costs of the action on appeal. With regard to the allegations that judgment was rendered on appeal against the plaintiff, Ina Thomason, for $142.50 and costs, including a statutory attorney fee of $10.00, the evidence, as stipulated by the attorneys for the respective parties, is that the judgment was for three months' rent owed by the plaintiff, Ina Thomason, which accrued during the time the plaintiffs occupied the premises, and that she offered to pay, and the owner of the property refused to accept, the amount of the judgment. As the plaintiffs had possession of the property under the lease for more than that period, received the benefit of such possession, and owed the amount of the judgment, they can not recover for that item.

As already indicated, other than the item of $10.00, statutory attorney fee included in the judgment for costs on the appeal of the action for possession of the leased property, the only evidence of damages sustained by the plaintiffs related to the stock of goods and provisions and the equipment and the fixtures. As to the stock of goods and provisions, the plaintiff, Ina Thomason, testified that those articles were worth $250.00. According to the inventory introduced in evidence in behalf of the defendant they were worth $1,800.00 and the defendant in testifying on cross-examination indicated that their value while the plaintiffs had them was $1,500.00. Whatever may have been their value, however, is not important, as the allegations of the declaration as to them are insufficient and the evidence shows that the plaintiffs used, consumed or sold them and, in consequence, they can not recover anything on account of those items. As to the equipment and the fixtures, the testimony of the plaintiff, Ina Thomason, is that she was required to sell them because she was obliged to vacate the premises and that she sold them for a total of $753.55 which she said was a fair price for those articles. Neither she nor the purchaser was acquainted with their market value. One witness for the plaintiffs

testified that the equipment and the fixtures in the restaurant in December, 1945, which was before the defendant sold them, were worth $800.00. According to the evidence in behalf of the defendant they were worth the inventory price at which he sold them of $3,390.00. The difference between these figures of $3,390.00 and $753.55 or $800.00 is $2,636.50 or $2,590.00. Even if the evidence of these amounts were admissible the difference shown by them is approximately $1100.00 less than the amount of the verdict. In *Robrecht* v. *Marling's Adm'r.,* 29 W. Va. 765, 2 S. E. 827, this Court held that in an action for damages for the failure of a landlord to give possession of the leased property, or for ejecting a tenant, where the gist of the action is the deprivation of the benefit of the lease, the plaintiff can not recover for loss sustained in selling his stock or agricultural implements for less than their value, and Point 4 of the syllabus relating to such items is quoted with approval in *Huntington Easy Payment Company* v. *Parsons,* 62 W. Va. 26, 57 S. E. 253, 9 L. R. A., N. S. 1130, 125 Am. St. Rep. 954. Under the rule of those cases, the allegations of the declaration that the plaintiffs were obliged to sell the equipment, the goods, and the fixtures at a great loss and to quit the restaurant business, are insufficient and, under such allegations and because such loss is not recoverable, evidence of the price at which the plaintiffs sold the equipment and the fixtures to show the difference between the purchase price and the price at which the plaintiffs sold them was improper and should not have been admitted at the trial. This Court has said that usually "the measure of damages where personal property is damaged, is the fair market value of that property before the damage from which is subtracted the fair market value of the same property immediately after the damage." *Biederman, Inc.* v. *Henderson,* 115 W. Va. 374, 176 S. E. 433; *Agsten and Sons* v. *United Fuel Gas Company,* 117 W. Va. 515, 186 S. E. 126. See also 17 C. J., Damages, Section 183, Page 877; 15 Am. Jur., Damages, Section 124. Though the plaintiffs, under a proper allegation, could have shown the amount of the depreciation in the market value of the equipment and the fixtures which

resulted from the fraud of the defendant, they have not done so. Instead of alleging and proving depreciation in the market value of the equipment and the fixtures caused by the fraud of the defendant they have undertaken to allege and prove the loss sustained by the sale of those articles. This they may not do under the holdings of this Court in *Robrecht* v. *Marling's Adm'r.*, 29 W. Va. 765, 2 S. E. 827, and *Huntington Easy Payment Company* v. *Parsons,* 62 W. Va. 26, 57 S. E. 253, 9 L. R. A., N. S., 1130, 125 Am. St. Rep. 954.

The verdict of the jury of $3,750.00 in favor of the plaintiffs is not supported in that amount by the evidence in the case. The only item of damages resulting from the fraud of the defendant, provable and recoverable under the allegations of the declaration, as to which there is any proper evidence, is the statutory attorney fee of $10.00. It is evident that the jury, upon the improper evidence relating to the purchase price and the selling price of the equipment and the fixtures, allowed a substantial amount for the loss sustained by the plaintiffs in selling those articles and, without any proof as a basis, made some allowance in favor of the plaintiffs for their loss of the lease during the residue of the five year term after they were deprived of the possession of the premises on June 10, 1947. A verdict in excess of the amount which the evidence shows a plaintiff is justly entitled to recover should be set aside. *Welty* v. *Baer,* 107 W. Va. 226, 148 S. E. 193. See also *Huntington Easy Payment Company* v. *Parsons,* 62 W. Va. 26, 57 S. E. 253, 9 L. R. A., N. S., 1130, 125 Am. St. Rep. 954; *Robrecht* v. *Marling's Adm'r.,* 29 W. Va. 765, 2 S. E. 827. In Point 3 of the syllabus in the *Robrecht* case this Court used this language which is directly applicable in this case: "* * * if it clearly appear to the court, that the verdict was made excessive by the admission of such illegal evidence, the court should set aside the verdict and grant a new trial; and, if the evidence or facts are certified on writ of error, and the verdict clearly appears to the appellate court to be excessive because of the admission of such illegal evidence, said court will disregard such evidence, reverse the judgment and set aside the verdict." The verdict, being greatly in

excess of any amount warranted by the evidence, should have been set aside by the trial court, and its action in overruling the motion of the defendant to set aside the verdict and grant a new trial constituted reversible error.

The defendant complains of the action of the plaintiffs in failing or refusing to file a statement of the particulars of their claim and contends that the trial court erred in permitting such failure or refusal upon the part of the plaintiffs after it had by order entered of record required them to file "a bill of particulars of their claim" on or before August 20, 1947. This contention is devoid of merit. The statute relating to a statement of the particulars of the claim of a plaintiff, Code, 1931, 56-4-19, is declaratory of the common law with respect to the inherent power of a court in the conduct of a trial to require a bill of particulars or a statement of the particulars of a claim or a defense, 3 Michie's Jurisprudence, Bill of Particulars, Section 2, and provides in part that in any action or motion, if good cause be shown or appear, the court or the judge in vacation may order the plaintiff to file a more particular statement, in any respect, of the nature of his claim and may stay the action until a reasonable time after such order is complied with. After the trial court, on motion of the defendant, by order entered August 19, 1947, had required the plaintiffs to furnish to counsel for the defendant "a bill of particulars showing the particulars of their claim", on or before August 20, 1947, and the plaintiffs had failed to file such bill of particulars or statement, the defendant on December 16, 1947, without moving the court, for that reason, to stay the trial of the action and without replying to the offer of the attorneys for the plaintiffs to furnish any particular information which the attorneys for the defendant should desire, entered his plea of not guilty to the declaration and each of its counts and, without objection, proceeded with the trial of the case. By so doing the defendant waived his right to a particular statement of the plaintiffs' claim and can not now complain of the failure of the plaintiffs to comply with the order of the trial court which required them to file such statement. There was no imperative duty in the

trial court to enforce compliance with its order and no request for such enforcement was made by the defendant at any time. Code, 1931, 56-4-23, provides that when a plaintiff fails to comply with an order to file a statement of the particulars of his claim the court, at the trial, may exclude "the evidence offered by the party in default as to any matter which he has so failed to state or has insufficiently stated, and which is not described in the notice, declaration or other pleading of such party so plainly as to give the adverse party notice of its character." See also 3 Michie's Jurisprudence, Bill of Particulars, Section 17; *Rinehart v. Pirkey,* 126 Va. 346, 101 S. E. 353.

The defendant also complains of the action of the trial court in refusing all the instructions offered by the defendant. Careful consideration of the refused instructions discloses that each instruction contained incorrect statements of law or statements which were not based upon the evidence. In consequence each of the instructions was properly refused.

The defendant assigns as error the action of the trial court in overruling the motion of the defendant for judgment in favor of the defendant notwithstanding the verdict. In *Shafer v. Security Trust Company,* 82 W. Va. 618, 97 S. E. 290, in dealing with the function of a motion for judgment notwithstanding the verdict, this Court said in Point 5 of the syllabus: "A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings, not in any sense upon the evidence adduced thereunder. It may be applied to defeat a judgment upon a verdict predicated upon a declaration that does not state a cause of action entitling the plaintiff to recover. But in no event can it serve the purpose of a demurrer to reach a merely formally defective declaration, which but for the informality or irregularity states a good cause of action." As the declaration in this case, for the reasons heretofore set forth, states a good cause of action and is sufficient on demurrer, the ruling of the trial court in denying the motion was correct.

The judgment of the trial court is reversed, the verdict is set aside, and a new trial is awarded the defendant.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*