R. E. Gwinn v. King, Richardson & Co., Appellants.

**Father and Child: evidence:** *Discharged employe.* Where, in an action for wrongful discharge from employment, there was evidence that plaintiff was of age, and that he worked for his father after he was discharged, evidence that he received no compensation from his father is admissible.

**Harmless Error.** A defendant is not harmed by an order overruling a motion to strike an item from plaintiff's claim, and by the admission of evidence thereof, where the jury were given a measure of damages not including it, and remittitur of the amount was made after the verdict.

*Appeal from Polk District Court.*—Hon. W. A. Spurrier, Judge.

Friday, January 20, 1899.

Action to recover for breach of contract of employment. Trial to jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*S. G. Van Auken* for appellant.

*Clark & McLaughlin* for appellee.

Waterman, J.—Defendant firm was engaged in the business of publishing and selling, through agents, subscription books. It entered into a written contract with plaintiff, whereby it employed him as a general agent, with duties in part in the office and in part outside, hiring and training solicitors. Plaintiff's compensation was to be two dollars per day when in the office, and, when working outside, forty-five dollars per month. The term of employment was from March 2, 1891, to January 1, 1892. On July 4, 1891, plaintiff was discharged,—as he claims, without cause,—and this action is brought to recover his salary for the remainder of the term.

II.   Many of the questions are matters of fact, and, the evidence being in substantial conflict with relation to them, we must accept the verdict of the jury as final.   This disposes of the issues as to whether plaintiff violated his contract, and was rightfully discharged, and also whether he used due diligence in seeking other employment.

III.   In his original petition, plaintiff asked as a part of his damages the sum of thirty-six dollars, which he claimed to have paid out for expenses while endeavoring to obtain other employment.   A motion was filed by defendant, asking that this matter be stricken from the petition, or, if this was not done, that plaintiff be required to make the allegation more specific, by stating what these expenses were.   The motion to strike was overruled, and the branch of the motion asking that the allegation be made more specific was sustained.   The petition was duly amended to meet this ruling, and, in the course of the trial, evidence of these expenses was offered by plaintiff, and received over defendant's objection.   In submitting the case to the jury, however, the court ignored this claim made by plaintiff, and gave this as the rule of damages: "If you find for the plaintiff you will ascertain the length of time between July 4, 1891, and January 1, 1892, for which he is entitled to recover, and will allow him at the rate of $45 per month for the time so found by you, and in this manner ascertain the sum of your verdict; and you will allow him interest thereon at the rate of 6 per cent. per annum from January 1, 1892, which sum you will compute, and include the same in the amount of your verdict."   The jury returned a verdict in plaintiff's favor for the sum of three hundred and ninety-six dollars and fifty cents, which manifestly includes the matter of expense.   The plaintiff at once remitted all of the verdict in excess of two hundred and sixty-five dollars and fifty cents, with interest at six per cent. thereon from January 1, 1892, amounting in all to three hundred and fifty dollars and sixty-four cents.   For this amount judgment was rendered.   While

the trial court was in error in overruling the motion to strike and in receiving evidence of these expenses, we cannot see that defendant was in any way prejudiced thereby. Under the evidence and instructions there could be no dispute about the amount to which plaintiff was entitled, if a recovery was allowed him. The sum for which judgment was rendered is correct.

IV.—After plaintiff's discharge, he made his home for a time with his father, who resided upon a farm, and it was shown that he did work while there. He testified, over defendant's objection, that he received no compensation for this work. It is claimed by appellant that this testimony should not have been admitted. The argument is that, as plaintiff had reached his majority, the presumption was that he received wages for these services performed for his father. We need only say, on this point, that such a presumption, if it exists in favor of third persons, is certainly not conclusive. It was proper to permit the real facts to be shown.

V. Exception is taken to a remark made by the court during the trial. We might properly pass this as not argued. However, we discover nothing in it that was in the least improper. The questions presented are all covered by what we have said. The judgment of the district court is AFFIRMED.