LESLIE B. SIMPSON, Respondent, v. J. E. BALL et al., Appellants.

Kansas City Court of Appeals, June 28, 1910.

1. **APPELLATE PRACTICE: Weight of Evidence.** Where there is substantial evidence supporting a verdict, it is not one of the functions of the appellate court to weigh the conflicting evidence.

2. **TRIAL PRACTICE: Instructions: Measure of Damages.** Plaintiff, an architect, contracted with defendants to draw plans for a building for a certain price. Before the plans were finished plaintiff was wrongfully discharged. The trial court instructed the jury that if their finding was for plaintiff their verdict should be for plaintiff for such loss (if any) as they believed from the evidence plaintiff sustained by reason of such acts of the defendants, not exceeding the sum of $375.00 (the contract price). The instruction was not erroneous, and if defendants deemed it too general it was their duty to ask a more specific one.

3. **CONTRACTS: Measure of Damages for Breach: Burden of Pleading and Proof.** Where one employed to perform a service is wrongfully discharged, he is, prima facie, entitled to recover the full contract price, and the burden is on the other party to plead and prove mitigating facts. In the absence of such pleading and proof, a verdict for the contract price is not excessive.

Appeal from Jackson Circuit Court.—*Hon. John I. Williamson*, Special Judge.

AFFIRMED.

*Chapman & Hanger* for appellants.

(1) In an action for breach of contract the measure of damages should not be left to the speculation of the jury. Rhodes v. Holladay, 105 Mo. App. 279; Camp v. Railroad, 94 Mo. App. 272; Sherwood v. Railroad, 132 Mo. 339. (2) The measure of damages

in breach of contract cases is fixed definitely as the profit plaintiff would have realized had he been permitted to finish the work. 13 Cyc., p. 51; Speed v. U. S., 8 Wall. (U. S.), 77; Wilson v. Morse, 52 Wis. 240; Railroad v. Lutes, 112 Ind. 281. (3) Instructions on the measure of damages, where they are given at all, should be right, and tell the jury what elements enter into the measure of damages and then limit them in making their verdict to such elements. The instruction in case at bar laid down no rule for the guidance of the jury on the measure of damages. Sherwood v. Railroad, 132 Mo. 339; Hames v. Stock Yards Co., 103 Mo. 66; Stephens v. Railroad, 96 Mo. 207; Stewart v. Clinton, 79 Mo. 603; McGowan v. Ore and Steel Co., 109 Mo. 518.

*A. F. Smith, W. F. Guthrie, Boyle & Howell* for respondent.

(1) There being substantial evidence to support the verdict this court will not weigh the evidence. Jordan v. Transit Co., 202 Mo. 418; Herke v. Railroad, 141 Mo. App. 613; Bennett v. Railroad, 138 Mo. App. 192; Philes v. Railroad, 141 Mo. App. 561. (2) The court did not err in instructing the jury on the measure of damages. Instructions on the measure of damages, no more specific, have been approved. Smiley v. Railroad, 160 Mo. 629; Lange v. Railroad, 208 Mo. 458; Stotler v. Railroad, 200 Mo. 107; Whalen v. Railroad, 60 Mo. 323; Lambert v. Hartshorne, 65 Mo. 549; Lathrop v. Railroad, 135 Mo. App. 16. (3) General instructions, which correctly state the law, are not erroneous. Moore v. Railroad, 136 Mo. App. 210; Barr v. Railroad, 138 Mo. App. 471. (4) Non-direction is not error. Wilson v. Railroad, 122 Mo. App. 667; Hall v. Railroad, 124 Mo. App. 661; Till v. Railroad, 124 Mo. App. 281; Hooper v. Railroad, 125 Mo. App. 329; Sowders v. Railroad, 127 Mo. App. 119; Marion v. Rail-

road, 127 Mo. App. 129; Morgan v. Mulhall, 214 Mo. 451.

JOHNSON, J.—Action to recover damages for breach of contract. The appeal is prosecuted by defendants from a judgment rendered for plaintiff on a verdict of $375. The contract was oral and at the time it was made plaintiff was an architect employed by a firm of architects in Kansas City. Defendants decided to erect a large building on property owned by them in the business district of Kansas City and after looking at rough plans submitted by plaintiff agreed to employ him to prepare the plans and specifications. Plaintiff had the consent of his employers to take the employment on his own account as a side job. The consideration he was to receive was below the price usually charged by architects for such work. Defendants do not deny the employment, but claim that plaintiff agreed to open an office of his own where they might transact business with him without embarrassment and that they did not discharge him until after he had broken this agreement. Plaintiff denies making such agreement and contends that defendants knew he would remain with his employers and used that fact to beat him down in his price, arguing that "as you are doing it on the side, it will be like finding money." Defendants discharged plaintiff after he had partly performed the contract and employed other architects.

The principal instruction given at the request of plaintiff was as follows: "If you believe from the evidence that the plaintiff and the defendants entered into an agreement by which plaintiff was to prepare plans and specifications for a building for them at Ninth and Oak streets in Kansas City, Missouri, and defendants were to pay him for such services the sum of $375, and that plaintiff undertook to perform such agreement, but was prevented from completing it by the defendants without fault on his part, and that the plaintiff was

thereby damaged, then your finding should be for the plaintiff for such loss (if any) as you believe from the evidence he has sustained by reason of such acts of the defendants, not exceeding the sum of $375."

The first contention of defendants in substance is that the evidence adduced by them so greatly preponderates over that of plaintiff that its version of the transaction should be accepted as conclusively established. We disagree with this view of the evidence. We regard the evidence of plaintiff as substantial enough to tender the issue with respect to every fact constitutive of the cause of action asserted and since it is not one of our functions to weigh conflicting evidence, we must decline to interfere with the judgment on the ground that the evidence is insufficient to support it. The objection to the instruction we have quoted is that it was too general in the directions relating to the measure of damages. It is argued that "instructions on the measure of damages where they are given at all should be right and tell the jury what elements enter into the measure of damages and then limit them in making their verdict to such elements. The instruction in the case at bar laid down no rule for the guidance of the jury on the measure of damages." Among the cases cited in support of this position are the following: Sherwood v. Railroad, 132 Mo. 359; Haines v. Stock Yards, 103 Mo. 66; McGowan v. Ore & Steel Co., 109 Mo. 518.

These cases do support the rule contended for by plaintiff, but in being distinguished by the Supreme Court in later cases, they have been practically overruled. [Dunn v. Northeast, etc., Co., 81 Mo. App. 42.] In the late case of Waddell v. Railroad, 213 Mo. 8, the Supreme Court approved an instruction similar in every essential feature to the instruction under consideration. If defendants desired a more specific instruction on the measure of damages they should have

asked it themselves.     Failing to do this they have no just cause for complaint.

Nor do we agree with defendants that the verdict is excessive.   Prima facie, plaintiff, discharged while in the performance of the contract and without fault on his part, was entitled to recover the contract price as though he had fully performed the contract.   The burden was on the defendants to   plead and prove mitigating facts.   They failed completely to discharge this burden and the verdict cannot be pronounced excessive. [26 Cyc. 1064; Hildebrand v. American, etc., Co., 109 Wis. 171, 85 N. W. 268; Koenigkramer v. Mo. Glass Co., 24 Mo. App. 124; Steadley v. Stuckey, 113 Mo. App. 582; 20 Am. and Eng. Ency. of Law (2 Ed.), 38; Allgeyer v. Rutherford, 45 S. W. 428; Gwinn v. King, 107 Ia. 207, 77 N. W. 834; Fuller v. Little, 61 Ill. 21, 25; World's etc., Co. v. Richards, 57 Ill. App. 601.]

Respondent invokes the rule that "there can be no mitigation where the plaintiff is a professional man and is to be paid a fixed   price for   certain   work." [McElhinney v. Kline, 6 Mo. App. 94; Kersey v. Garton, 77 Mo. 645.]   But since we have disposed of the question in hand on another ground, we do not deem it necessary to say whether or not the rule invoked would be applicable in the present case.   We find in the record no prejudicial error either in the rulings on evidence or in the instructions.   The case was fairly tried and the judgment is affirmed.   All concur.