Marcel SCHWARTZ and Ruth A.
Schwartz, Plaintiffs-Appellants,

v.

Alberta L. DEY, Marion W. Dey, and
Raymond W. Easley, Collector of
Boone County, Missouri, Defendants-
Respondents.

No. 65237.

Supreme Court of Missouri,
En Banc.

March 20, 1984.

Hamp Ford, Larry M. Woods, Columbia,
for plaintiffs-appellants.

Robert M. Morris, J. Turner Jones, Columbia, for defendants-respondents.

HIGGINS, Judge.

Marcel and Ruth Schwartz, residents of Maryland, brought suit to set aside a collector's deed to real estate located in Columbia, Missouri, formerly owned by them and sold at a tax sale to Alberta L. and Marion W. Dey. The trial court rejected appellants' constitutional challenge to the notice provisions of statutes empowering the Collector to collect property taxes and sell land for taxes owed, and granted a motion to dismiss in favor of the Deys. §§ 139.010, 140.170, RSMo 1978. Reversed and remanded.

Appellants contend that the notice provisions of sections 139.010 and 140.170, RSMo 1978, are constitutionally deficient; that sections 52.230 and 52.240, RSMo 1978, are inapplicable to non-resident taxpayers; and that the Deys paid inadequate consideration for the property. Respondents assert that the questioned statutes are constitutional; that the Collector's actions were constitutionally sufficient; that a property owner, resident or non-resident, has an obligation to satisfy his tax liability regardless of the receipt of a tax bill; and that inadequate consideration is not a ground for setting aside a collector's deed. Because of the Court's disposition of the constitutional questions, it is unnecessary to address the issue of consideration.

Appellants' constitutional argument is that the notices of taxes owed and notices of impending tax sale were constitutionally inadequate because they failed actually to apprise them of their liability. They assert

that had the statutes in question provided adequate notice mechanisms, they would have been aware of their obligation to pay taxes and would not ultimately have lost their property.

In 1978, the Schwartzes, residents of Potomac, Maryland, purchased property in Boone County, Missouri. The address of the property was listed on the warranty deed as 320 West Boulevard North, Columbia, Missouri. This was the only address provided by purchasers to the Collector. Soon after their purchase, they leased the premises to others until the property was ultimately sold to the Deys at a tax offering in 1982 for $2550.

Prior to the tax sale the Collector of Boone County had attempted to collect then current taxes on the property from the Schwartzes. He did not post handbills nor did he publish notices of taxes due in a local paper. § 139.010, RSMo 1978. Instead, he mailed computer-generated notices of taxes due to "Schwartz Marcel and Ruth A., 320 West Boulevard North, Columbia, MO." The Collector mailed these notices for the tax years 1978, 1979, 1980 and 1981. Each notice was returned by the post office marked "not deliverable as addressed; unable to forward."

The Collector then began to mail notices of delinquent taxes due. § 52.285, RSMo 1979. These notices were also addressed to the Schwartzes at their last known address, the address of the property in question, in Columbia. The first notices stated that the property would be sold if the taxes were not paid before August 25, 1980. The following year the notices stated that the property would be sold August 24, 1981, as advertised. In 1982, the notices read "[l]and will be sold if taxes not paid prior to August 23, 1982." Each notice was returned by the post office. Pursuant to statutory directive, the Collector also published notices of tax sale in the Columbia Daily Tribune. § 140.170, RSMo 1978. All of these notices failed to produce a response. The Collector then consulted the local telephone directory in an attempt to locate the owners; he found no listing. He then consulted his personal tax files, but again found no listing. Finally, the Collector sold the property to the Deys.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court stated that where a property interest is at stake, a party must be afforded that degree of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. The Court then held that notice by publication of a pending trust settlement was constitutionally inadequate where the settlor had the names and addresses of interested parties at hand or could readily ascertain them. *Id.* at 318, 70 S.Ct. at 659. Under the facts of the case, the Court held that the right to due process in the form of mailed notice outweighed the presumptive duty of a property owner to safeguard his interest in the property.

■ Cases decided subsequent to *Mullane, supra*, have added to that holding; and it is now established that the right to meaningful notice extends to actions affecting property interests in a variety of circumstances and that due process imposes corresponding duties upon those who would affect the rights of holders of such property interests: *Covey v. Town of Somers*, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), mailed notice to a taxpayer known to be incompetent and incapable of understanding such notices was insufficient to afford her notice of a foreclosure sale; *Walker v. City of Hutchinson*, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956), notice by publication of intended condemnation was constitutionally inadequate where the City knew the landowner's address from official records; *Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), notice by publication and posting of notices were insufficient to inform a landowner of the City's intent to divert a river where the owner's name and address were easily ascertainable; *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30,

34 L.Ed.2d 47 (1972), notice of forfeiture proceeding mailed to an address known by the State to be inaccurate was defective; *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), posting of notices on the doors of residents affected by detainer actions was insufficient to apprise parties; and, in *Mennonite Board of Missions v. Adams,* —— U.S. ——, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the Court held that a mortgagee's publicly recorded interest in property was sufficient to entitle her to mailed notice of a tax sale. Thus, due process requires that known parties whose rights would be affected by a tax sale be afforded notice reasonably calculated under all of the circumstances to apprise them of the pendency of the action. In many cases, the Constitution mandates notice mailed to the last known address of an interested party. The facts of this case, however, require a determination of what efforts, if any, must be made by a collector when it is or should be apparent that notices mailed to that address are ineffective. Several authorities suggest that when the party seeking to affect a property interest is itself on notice of the failure of mailed notice to inform an interested party, the party must take further action to determine a more accurate address or otherwise ensure receipt of meaningful notice. *See Robinson v. Hanrahan, supra; Covey v. Town of Somers, supra.*

Appellants allege that upon further inquiry the Collector could easily have obtained their actual address. They assert that resort to other official records would have disclosed that address. They also claim that a visit to the property itself would have put the Collector in touch with a tenant who would have seen that the Collector received a proper address. There is also reference to a real estate agent who "managed" the property.

The record before the Court, however, does not indicate the means at the Collector's disposal by which he could conceivably have obtained the Schwartzes' actual address; the trial court granted dismissal in favor of the Deys before such evidence could be adduced. Under *Mullane* and *Mennonite, supra,* the facts of this case raise justiciable constitutional questions concerning the duty to afford a non-resident owner meaningful notice. It can no longer be said that a property owner's duty to supervise his property interest in all cases outweighs the duty of a taxing authority to provide him with constitutionally sufficient notice. *See* Comment, The Constitutionality of Notice by Publication in Tax Sale Proceedings, 84 Yale L.J. 1505, 1515–16 (1975). The posture of this case demonstrates that the parties should be afforded the opportunity to develop a record upon which a court could assess the means available to the Collector in balance with the duties imposed by due process. *Bankers Union Life Insurance Co. v. Floy Hanks & Mistwood,* 654 S.W.2d 888, 889 (Mo. banc 1983) (Blackmar, J., concurring); *Lohr v. Cobur Corp.,* 654 S.W.2d 883, 887 (Mo. banc 1983) (Billings, J., concurring).

The judgment of dismissal is reversed and the cause is remanded for proceedings consistent with this opinion.

All concur.