**Gladys L. TRAPF, Plaintiff-Respondent,**

v.

**Oscar LOHR and George C. Leachman, Collector of Revenue for St. Louis County, Missouri, Defendants-Appellants.**

No. 65344.

Supreme Court of Missouri,
En Banc.

March 20, 1984.

Rehearing Denied April 16, 1984.

Don R. Williams, Thomas W. Wehrle, Clayton, William C. Barnett, Clayton, for defendants-appellants.

HIGGINS, Judge.

Gladys Trapf sued to quiet title to real estate located in St. Louis County formerly owned by her and sold at a tax sale to Oscar Lohr. The trial court set aside the collector's deed on the ground that notice to Mrs. Trapf of the impending tax sale was constitutionally inadequate. The Court of Appeals, Eastern District, transferred the case to this Court after opinion because of the challenge to the constitutionality of Chapter 140, RSMo 1978. The judgment of the trial court is reversed.

Appellants assert that the notice provided to Mrs. Trapf was constitutionally sufficient. They contend that the abbreviations used in the published notices of sale were satisfactory and readily understandable; that Chapter 140 is constitutional on its face; and that the methods actually employed to notify Mrs. Trapf were also constitutionally sound. Mrs. Trapf, as she did at trial, denies in all respects the constitutional sufficiency of the notice provided her and the notice provided by statute and urges affirmance of the trial court's decision.

Gladys Trapf and her husband Edward purchased the property in question shortly after their marriage. The deed to the real estate was recorded in both of their names as husband and wife. Mr. and Mrs. Trapf were divorced in 1974 and, as part of the dissolution decree, the court awarded the property to Mrs. Trapf; she was obligated under the decree to pay all real estate taxes and mortgage installments. Mrs. Trapf failed to record the change in ownership of the property to reflect her status as sole owner. Accordingly, tax bills issued by the Collector continued to be addressed to "Mr. and Mrs. Edward N. Trapf" and mailed to the address of the property in question, at which Mrs. Trapf still resided. Mrs. Trapf forwarded these bills unopened to her ex-husband upon receiving them.

In 1978, Mr. Trapf notified his ex-wife of the delinquent taxes owed to the Collector. Mrs. Trapf then wrote a letter dated April 15 of that year to appellant Leachman in

which she expressed her confusion concerning her tax liability and asked for advice on how she might clear up any arrearage. On April 19 the County Collector's office replied in a personal letter to Mrs. Trapf that her property would be sold in August 1978 if her taxes for 1974 and 1975 were not paid prior to August. The letter also pointed out that the property was still recorded jointly in the names of Mr. and Mrs. Trapf; this accounted for the joint form of address on the notices. Finally, the letter requested that Mrs. Trapf arrange with the Collector's office for payment of the oldest bill.

The delinquent taxes remained unpaid, however, and the Collector advertised the property for sale by publishing further notice of the upcoming 1979 sale in the St. Louis Countian newspaper. On April 30, 1979, Mrs. Trapf mailed a check payable to Collector Leachman in the amount of $166.75. It is unclear whether this sum represented a payment of real estate or personal property taxes. In any case, the amount paid was less than the amount owed for any single year's delinquent real estate taxes. The sale took place, and appellant Oscar Lohr bought the property through an agent for $679.20.

This Court has recently addressed the constitutional implications of notice by publication and mailed notice in the tax sale context. *Schwartz v. Dey*, No. 65237, 665 S.W.2d 933 (Mo. banc 1984); *Bankers Union Life Insurance Co. v. Floy Hanks & Mistwood*, 654 S.W.2d 888 (Mo. banc 1983); *Lohr v. Cobur Corp.*, 654 S.W.2d 883 (Mo. banc 1983). In each case this Court recognized that holdings of the United States Supreme Court concerning the requirements of due process may affect the notice to be afforded holders of property interests at stake in the sale of property for delinquent taxes. *See, e.g., Schwartz v. Dey, supra* at 934. But each such case is distinguishable from the instant case: The parties in the cited cases never received notice of pending proceedings against their property interests until the property had been sold; in no case did a party actually receiving notice of a tax sale question the constitutionality of tax sale procedures.

By contrast, Mrs. Trapf received mailed notices addressed to her and her ex-husband at her residence. She also received a personal letter from the Collector's office indicating what steps needed to be taken in order to settle her accounts and prevent sale of the property. The letter explained the source of any possible confusion concerning the presence of her ex-husband's name on the previous notices sent by the Collector. Mrs. Trapf also testified that she knew that the terms of her divorce decree required her to pay all real estate taxes due on the former marital residence.

At some point a property owner's presumptive duty to preserve his property outweighs the responsibility of a tax collector to provide more extensive forms of notice. The Collector did not owe Mrs. Trapf the duty of advising her to open mail plainly addressed to her; nor was he required to initiate the process of re-recording the deed to the property in question so that mail would be addressed to Mrs. Trapf alone. Indeed, the Collector had no notice of the changed status of ownership until Mrs. Trapf informed his office of her divorce in her letter. No case cited or reported requires a tax collector under circumstances such as these to do more than supplement published notices with notice mailed to an interest-holder's last known address. Given that Mrs. Trapf received these mailed notices, received a prompt letter in reply to her inquiry, and knew of her obligation to pay taxes, it cannot be said that she was denied due process of law. Nor can it be said under these facts that the use in published notices of abbreviations more specific than those provided by statute in any way prevented Mrs. Trapf from taking steps to preserve her interest in the property. § 140.180, RSMo 1987.

It is true that tax sales may by their nature provide windfalls for purchasers seeking bargains in the real estate market, and that tax sales can work hardships upon those whose interests are terminated. Nevertheless, it is the Collector's legal duty to sell property for taxes owed,

§§ 140.010, 140.190, RSMo 1978; and this case presents no facts or circumstances requiring the tax collector to undertake more extensive efforts than were actually and successfully undertaken to notify the property owner prior to that sale. *But see Covey v. Town of Somers*, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956). The procedures actually employed by the Collector pass constitutional muster.

The judgment of the trial court is reversed and title to the property is vested in the purchaser, appellant Lohr, pursuant to the collector's deed.

All concur.