Arthur CORNEJO, d/b/a J & D Janitorial Services, Respondent,

v.

CRAWFORD COUNTY, Missouri, Appellant.

No. 26340.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 28, 2005.

Sidney T. Pearson, III, Steelville, for appellant.

John D. Beger, Beger, Bushie & Scheiderer, L.L.C., Rolla, for respondent.

ROBERT S. BARNEY, Judge.

Crawford County, Missouri, ("Appellant") appeals from the trial court's grant of summary judgment in favor of Respondent Arthur J. Cornejo ("Respondent"). In its two allegations of trial court error arising out of a contract action, Appellant first alleges summary judgment was improper because there was no showing of a contractual relationship between Appellant and Respondent and, second, Appellant alleges the trial court failed to apply the correct measure of damages in awarding summary judgment in favor of Respon-

dent. We affirm the judgment of the trial court.

The record reveals that on April 13, 2001, Appellant entered into a contract with "J & D Janitorial Services, LLC" ("J & D"). The document reveals the signature of Appellant's three county commissioners and also shows that Respondent affixed his individual signature, i.e., "Arthur J. Cornejo," to the document, along with the title designation of "Owner." The contract provided that in exchange for providing weekday janitorial services for the Crawford County Courthouse and Annex, Appellant would pay Respondent $1,600.00 per month for a period of twenty-four months.

From April 13, 2001, until May 17, 2002, Respondent provided janitorial services pursuant to the terms of the contract. On May 17, 2002, Appellant notified Respondent it was suspending his contract due to Respondent's arrest on felony drug charges. According to Appellant, the contract was suspended because Respondent's "cleaning of the courthouse would have required access to the offices in which files are maintained concerning the criminal charges against him." At that time, there were approximately eleven and a half months remaining on the contract. Appellant declined to exercise a provision in the contract, namely paragraph "4", which set out that the "[c]ontract may be voided by either party with a 30 day written notice."

On March 20, 2003, Respondent filed a breach of contract suit against Appellant. This suit alleged Appellant "arbitrarily, capriciously and without just cause or excuse" breached its contract with Respondent and requested judgment in his favor and against Appellant in the amount of $17,600.00 plus interest and costs.

Respondent filed a motion for summary judgment on January 6, 2004, in which he

stated "there is no genuine issue as to any material fact" and that a judgment should be entered as a matter of law. He also attached a memorandum in support of his motion, together with an affidavit from Respondent and other documents.

In response, Appellant filed a one page answer to the motion for summary judgment asserting that Respondent was not entitled to judgment as a matter of law, and that there were facts in dispute that the fact finder had to determine at trial. In addition, Appellant filed a memorandum in opposition to the motion for summary judgment. No affidavits were filed in support of its response.

Following argument by both sides, the trial court granted Respondent's motion and entered a judgment against Appellant in the amount of $18,400.00 plus $2,429.14 in interest. This appeal followed.

■ In its first point on appeal, Appellant maintains the trial court erred in granting Respondent's motion for summary judgment and in assessing damages against it. Specifically, Appellant maintains

there was no showing of any contractual relationship between Appellant and Respondent, in that any contract was between J & D Janitorial Services, LLC, a legal entity, and Crawford County, and a member, manager, employee or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, pursuant to section 347.069. . . .

■ We begin by noting a claim that a suit should have been filed in the name of a certain entity is waived if it is not raised by pleading or motion in accordance with Rules 55.13 and 55.27(g)(1)(E).[1] *Executive Jet Mgmt. & Pilot Serv., Inc. v. Scott,* 629 S.W.2d 598, 611 (Mo.App.1981).

Even if a party enters a responsive pleading alleging a party lacks the capacity to sue, a general denial is not sufficient to constitute a "specific negative averment" as required by Rule 55.13. *See Gilmore v. Bi–State Dev. Agency,* 936 S.W.2d 193, 194 (Mo.App.1996). Further, in pertinent part, Rule 55.27(g)(1) sets out that a challenge "[t]hat plaintiff does not have legal capacity to sue" is waived if "[o]mitted from a motion in the circumstances described in Rule 55.27(f)," or when "[n]either made by motion under this Rule 55.27 nor included in a responsive pleading." Rule 55.27(g)(1); *see also Boatmen's First Nat'l Bank v. Roofco Sys., Inc.,* 852 S.W.2d 402, 404 (Mo.App.1993).

Here, Appellant argues there was no showing of a contractual relationship between Respondent and Appellant; however, Appellant's argument fails for several reasons. First, Appellant did not raise the issue of Respondent's standing to sue in a responsive pleading before the trial court. Secondly, Appellant failed to specifically raise the issue in his response to Respondent's motion for summary judgment at the hearing on the summary judgment motion. Claims that a party lacks the capacity to sue or be sued must be raised in a responsive pleading under both Rule 55.13 and Rule 55.27(g)(1)(E). *See Petry Roofing Supply, Inc. v. Sutton,* 839 S.W.2d 337, 341 (Mo.App.1992). Accordingly, Appellant waived this issue. In this instance, Respondent's capacity to sue cannot be raised for the first time on appeal. *See Pemiscot County Mem'l Hosp. v. Bell,* 770 S.W.2d 499, 502 (Mo.App.1989). Point denied.

■ In its second point on appeal, Appellant maintains the trial court erred in awarding Respondent $18,400.00 as dam-

1. Unless otherwise specified, all Rules references are to Missouri Court Rules (2004).

ages. Appellant argues the measure of damages in this matter was incorrect in that the trial court "drew said sum from the gross amount remaining to be paid under the contract at the time of suspension." According to Appellant, the proper amount of damages "would have been the gross amount due under the contract minus the sum which [Respondent] would have expended to perform under the contract for the remaining term." We disagree.

In reviewing appeals from the grant of a motion for summary judgment, this Court reviews "the record in the light most favorable to the party against whom judgment was entered." *Reese v. Ryan's Family Steakhouses, Inc.,* 19 S.W.3d 749, 751 (Mo.App.2000). "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the motion." *Id.* Since the standard of appellate review on a judgment for summary judgment is no different than that employed by the trial court in determining the propriety of sustaining the initial motion, our review is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

■ " 'The key to a summary judgment is the undisputed right to a judgment as a matter of law; not simply the absence of a fact question.' " *Birdsong v. Christians,* 6 S.W.3d 218, 223 (Mo.App.1999) (quoting *Southard v. Buccaneer Homes Corp.,* 904 S.W.2d 525, 530 (Mo.App.1995)). As such, a grant of summary judgment is appropriate "[w]hen a moving party makes a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to a judgment as a matter of law . . . ." *McAninch v. Robinson,* 942 S.W.2d 452, 456 (Mo.App.1997). "A genuine issue exists, as to one of the material

facts underlying the moving party's right to summary judgment, where the record contains competent evidence that demonstrates two plausible, but contradictory, accounts of the essential fact." *Birdsong,* 6 S.W.3d at 222. A genuine issue "implies that the issue, or dispute, must be a real and substantial one-one consisting *not merely of conjecture, theory and possibilities.*" *ITT Commercial Fin. Corp.,* 854 S.W.2d at 378 (emphasis added).

■■ An appellate court will reverse a judgment that awards damages for breach of contract if the record shows an absence of "proof of actual facts that present a basis for a rational estimate of damages without resorting to speculation." *Gillham v. LaRue Constr.,* 136 S.W.3d 852, 856 (Mo.App.2004). The proper measure of damages is a question of law for determination by the trial court. *66, Inc. v. Crestwood Commons Redevelopment Corp.,* 130 S.W.3d 573, 584 (Mo.App.2003).

■ As a general rule, in a breach of contract case, the goal in awarding damages is to put the non-breaching party in as good a position as he or she would have been in if the contract had been performed. *Williams v. Hubbard,* 789 S.W.2d 810, 812 (Mo.App.1990). A party claiming damages for breach of contract bears "the burden of proving the existence and amount of damages with reasonable certainty." *Am. Laminates, Inc. v. J.S. Latta Co.,* 980 S.W.2d 12, 23 (Mo.App.1998). "The particular facts and circumstances of each case dictate which measure of damages is appropriate." *Gee v. Payne,* 939 S.W.2d 383, 385 (Mo.App.1997).

■ It has been long held that a "plaintiff's damages, for breach of a contract of employment for a time certain, are *prima facie* the contract price agreed upon for such service." *Koenigkraemer v. Missouri Glass Co.,* 24 Mo.App. 124, 128 (Mo.

App.St.L.1887).[2] Under these circumstances a plaintiff "discharged while in the performance of the contract and without fault on his part, [is] entitled to recover the contract price as though he had fully performed the contract." *Simpson v. Ball,* 145 Mo.App. 268, 129 S.W. 1017, 1018 (1910). "[T]he contract price of the services will be the measure of recovery for the plaintiff [when a defendant refuses to allow a plaintiff to perform his contract] *unless the defendant* by evidence shows that the damages actually sustained are less than the price agreed upon." *Nearns v. Harbert,* 25 Mo. 352, 354–55 (Mo.1857) (emphasis added).

Accordingly, "[t]he burden was on [Appellant] to plead and prove mitigating facts" and to prove Respondent was not entitled to recover the full amount permitted under the contract.[3] *Simpson,* 129 S.W. at 1018; *see also Puller v. Royal Cas. Co.,* 271 Mo. 369, 196 S.W. 755, 761 (1917).

Here, Appellant bore "the burden of proof [to] ... show that [Respondent] had an opportunity to mitigate...." *Bus. Men's Assurance Co. v. Graham,* 891 S.W.2d 438, 448 (1994). It failed in its burden by not tendering evidentiary support in favor of its contention.

When the moving party in a summary judgment motion makes such a prima facie showing, the burden shifts to the non-movant to show that one or more material facts are genuinely disputed. *Arnhold v. McDonnell Douglas Corp.,* 992

S.W.2d 346, 353 (Mo.App.1999). Rule 74.04 requires that a non-moving party in a motion for summary judgment "may not rest upon the mere allegations and denials of the pleadings but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial." *Zipper v. Health Midwest,* 978 S.W.2d 398, 408 (Mo.App.1998). Rule 74.04(c)(2) states in pertinent part:

> The response [to a summary judgment motion] shall admit or deny each of movant's factual statements.... A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial. Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

"The requirements of Rule 74.04(c)(2) are mandatory." *Chopin v. Am. Auto. Ass'n,* 969 S.W.2d 248, 250 (Mo.App.1998).

In its memorandum in opposition to Respondent's motion for summary judgment, Appellant made no attempt to controvert Respondent's evidence of the amount of damages owed. Respondent asserted he entered into a twenty-four month contract which required payments to him of $1,600.00 per month, for a total contract value of $38,400.00. He maintained that at the time of Appellant's breach he was damaged in the amount of $17,600.00 for

---

**2.** We note that the stated measure of damages in the present matter differs from the formula put forward by Appellant in its brief. This is not a *construction* contract situation as urged by Appellant. In construction contract cases, "the measure of damages is the contract price less the amount it would have cost the contractor to perform." *Wisch & Vaughan Constr. Co. v. Melrose Prop. Corp.,* 21 S.W.3d 36, 43 (Mo.App.2000).

**3.** *See McGee v. St. Joseph Belt Ry. Co.,* 232 Mo.App. 639, 110 S.W.2d 389, 392 (1937); *Paddock v. Mason,* 187 Va. 809, 818, 48 S.E.2d 199 (Va.1948); *South Side Buick Auto Co. v. Schmitter,* 5 S.W.2d 687, 688 (Mo.App. 1928); *Martin v. Bd. of Educ.,* 120 W.Va. 621, 199 S.E. 887, 889 (1933) (holding that "[m]itigation of damages is an affirmative defense, and its burden is entirely on the contract breaker").

the amount of time remaining under the contract. The burden was upon Appellant to controvert this proposition; it made no attempt in its written pleadings or at the motion hearing to prove Respondent failed to mitigate damages or was even required to mitigate damages. Appellant had the opportunity to present "affidavits, depositions, answers to interrogatories, or admissions on file" to demonstrate the existence of a genuine fact related to the issue of damages. However, Appellant rested on the mere allegations and denials found in its pleadings. *See Zipper*, 978 S.W.2d at 408. Appellant has failed to "demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2).

When, as in the present matter, damages are shown by specific ascertainable values, and one party has failed to carry its burden to prove otherwise, there is no reason why summary adjudication should not include an award of damages. *See Missouri Ins. Guar. Ass'n v. Wal-Mart Stores, Inc.*, 811 S.W.2d 28, 35 (Mo. App.1991). Point Two is denied.

We affirm the judgment of the trial court.

PARRISH, P.J. and SHRUM, J. concur.