**INVESTMENT CORPORATION OF the VIRGINIAS, INC. and Woods & Streams Land Co., L.L.C., Plaintiffs/Respondents,**

v.

**Vincenzo ACQUAVIVA and Michael McGirl, Collector of Revenue of Washington County, Missouri, Defendants/Appellants.**

**George Dillard and Laura Dillard, Intervening Plaintiffs,**

v.

**Martin Price, Third-party Defendant.**

**No. ED 92949.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 8, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 21, 2010.

Application for Transfer Denied March 2, 2010.

David C. Mangan, Thurman, Howald, Weber, Senkel & Norrick, L.L.C., Hillsboro, MO, for respondents.

Brad Van Zee, Potosi, MO, for appellant Vincenzo Acquaviva.

Holly D. Andrea, Asst. Prosecuting Atty., Potosi, MO, Phillip K. Gebhardt, Gebhardt Real Estate and Legal Services, LLC, DeSoto, MO, for Appellants Michael McGirl and Collector of Revenue of Washington County.

David Bender, Rosenblum, Goldenhersch, Silverstein & Zafft, Clayton, MO, for Intervening Plaintiffs.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendants, a county collector and a purchaser of three parcels of real estate at a tax sale, appeal from the trial court's entry of summary judgment quieting title in plaintiffs, the prior owners, in that real estate. The trial court found that defendants failed to give plaintiffs notice of the pending tax sale of their parcels that complied with *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), which it concluded, voided the tax sale.

On appeal, defendants assert that the trial court erred in applying *Jones* to pre-sale notice because (1) Missouri statutes provide for constitutionally-adequate post-sale notice of the right to redeem; (2) even if the county collector had a constitutional duty to provide prior notice of the tax sale, plaintiffs failed to present sufficient evidence of non-compliance; and (3) plaintiffs failed to adduce evidence that they are lawfully organized entities authorized to prosecute this action. We deny points one and three. The trial court did not err in concluding that the principles set out in *Jones* apply to a collector's duty to give landowners pre-sale due process notice of a pending tax sale under *Schwartz v. Dey,* 665 S.W.2d 933 (Mo. banc 1984). Defendants' challenge to plaintiffs' capacity to sue cannot be raised for the first time on appeal. However, the summary judgment record is insufficient to determine whether reasonable means were available to the collector to provide additional notice. We must reverse and remand for the parties to develop a record upon which the trial court can assess the reasonable means available to the collector to provide the former owners with a notice of taxes owed of the impending tax sale that comport with the duties imposed by due process as set out in *Jones* and *Schwartz.*

*FACTUAL AND PROCEDURAL*
*BACKGROUND*

This case involves three parcels of land located in Washington County, Missouri. In June 2006, plaintiff, Investment Corp. of the Virginias, Inc., owned a 40–acre parcel of the land, and plaintiff, Woods & Streams Land Co., LLC, owned a 40–acre parcel and a 19.93–acre parcel.

In 2008, plaintiffs filed a Petition to Cancel Tax Deeds and Quiet Title with respect to the three parcels, naming as defendants, Vincenzo Acquaviva and Michael McGirl, Collector of Revenue of Washington County, Missouri (the Collector). In their petition, plaintiffs alleged their corporate status and their ownership of the three parcels. They further alleged that Mr. Acquaviva claimed an interest to the parcels through three collector's deeds recorded in Washington County in October 2007 and January 2008, that plaintiffs did not receive notice of any kind of the proposed tax deed sale of the parcels, and that plaintiffs were ready, willing, and able to reimburse Mr. Acquaviva for the taxes paid. The petition sought a declaration that the tax deeds were null and void, and requested that title to the parcels be quieted in the plaintiffs according to each one's interest.

Subsequently, plaintiffs filed a motion for summary judgment. The undisputed facts admitted in plaintiffs' motion for summary judgment included the following: In June 2006, the Collector mailed tax sale notices to plaintiffs informing plaintiffs that they owed two years of delinquent taxes on their respective properties, and if unpaid, the properties would be sold at a tax sale on the fourth Monday in August. These tax notices were returned to the Collector undelivered. The Collector then filed the returned notices. Defendants filed a cross-motion for summary judgment. The trial court granted summary judgment in plaintiffs' favor. It found that notice pursuant to *Jones* was not given or attempted regarding the pending tax sale. It declared the tax sale void and it quieted fee simple title to the property in plaintiffs.[1]

*DISCUSSION*

We review the grant of summary judgment *de novo*. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We take as true every fact set forth by affidavit or otherwise in support of the moving party's summary judgment motion unless the non-movant has denied it in its response. *Id.* We must determine whether the moving party has demonstrated an "undisputed right to judgment as a matter of law" on the basis of the facts about which there is no genuine dispute. *Id.* at 380.

I. *Duty to Provide Pre-sale Notice*

The essence of defendants' first point is that the trial court erred in concluding that the Collector's failure to provide or failure to attempt to provide additional notice other than by publication prior to the tax sale was a violation of due process under *Jones*. Defendants argue that Missouri statutes do not require a county collector to provide a delinquent taxpayer with notice that meets due process stan-

---

1. While plaintiff's motion for summary judgment was pending, George and Laura Dillard, who had purchased 40 of the 100 acres of the property from plaintiffs, filed a Petition in Intervention to recover damages for breach of contract and negligence against plaintiffs and third-party defendant, Martin Price, plaintiffs' agent, alleging that the tax sale was a direct and proximate result of plaintiffs' breach of contract and negligence. The trial court's grant of plaintiffs' summary judgment motion necessarily disposed of the claims brought by the intervenors. *See State ex rel. Nixon v. Hoester*, 930 S.W.2d 52, 53 (Mo.App.1996).

dards prior to a tax sale by a county collector. They point out that section 140.170 RSMo (Cum.Supp.2008)[2] only requires a collector to publish notice of the tax sale and that section 140.405 requires only that a purchaser provide a delinquent taxpayer with notice of his or her right to redeem his or her property after the tax sale has taken place.

We first consider the *Jones* decision. In *Jones*, Gary Jones owned a home that he no longer occupied, and the property taxes went unpaid after the mortgage was paid off. The Arkansas Commissioner of State Lands (the commissioner) sent a letter by certified mail to Mr. Jones at the home address to inform him of the tax delinquency, a pre-sale right to redeem, and the date of the tax sale if there was no pre-sale redemption. The letter was returned unclaimed. Two years later, the commissioner published a notice of the impending tax sale and subsequently received a purchase offer from Linda Flowers. The commissioner then sent a certified letter to Mr. Jones at the home to notify him the home would be sold if the taxes were not paid. This letter was also returned as unclaimed. The commissioner subsequently sold the home to Ms. Flowers, who had a notice of unlawful detainer delivered to the property. It was served on Jones's daughter, who occupied the home. Mr. Jones filed a lawsuit against the commissioner asserting that the notice provided by the state in connection with the tax sale violated his due process rights. When the case reached the United States Supreme Court, the Court ruled in Jones's favor. It held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner be-fore selling his property, if it is practical to do so." *Jones*, 547 U.S. at 225, 126 S.Ct. 1708. It held that under the circumstances, additional reasonable steps were available to the commissioner. *Id.*

The *Jones* decision added to the Supreme Court's prior holding in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950). There, the Court had held whenever a person's property interest is at stake, due process requires the person be provided with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. 652. In *Jones*, the Court recognized that it had previously "deemed notice constitutionally sufficient if it was reasonably calculated to reach the intended recipient *when sent.*" *Jones*, 547 U.S. at 226, 126 S.Ct. 1708 (emphasis added). However, it stated it had not addressed whether due process required more if the government discovers "prior to the taking" that its attempt at notice has failed. *Id.* at 227, 126 S.Ct. 1708. The Court held that the state is obligated to take steps that would "increase the likelihood that an owner would be notified that he was about to lose his property, given the failure of a letter deliverable only to the owner in person." *Id.* at 235, 126 S.Ct. 1708. It indicated that the commissioner could have sent the notice by regular mail, posted the notice on the property, or sent the notice addressed to "Occupant." *Id.*

In *Schlereth v. Hardy*, 280 S.W.3d 47 (Mo. banc 2009), the Missouri Supreme Court applied *Jones* to evaluate the sufficiency of notice of a post-sale right of redemption. There, the purchaser of property sold at a tax sale sent a notice of

**2.** All further references to chapter 140 will be to RSMo (Cum.Supp.2008) unless otherwise indicated.

redemption rights by certified mail to the tax-delinquent former owner. It was returned as unclaimed. The purchaser did not use any other method of notice. When the property was not redeemed during the statutory period, the purchaser obtained and recorded a collector's deed and filed a quiet title action. The trial court entered summary judgment in favor of the original owner. On appeal, the Missouri Supreme Court affirmed. It held that although the purchaser gave notice in precise compliance with the mandates of section 140.405, that notice must also meet constitutional standards, and, under *Jones*, the notice prescribed under section 140.405 was inadequate in these circumstances because the certified mail notice was returned as unclaimed. *Schlereth*, 280 S.W.3d at 52. It held that *Jones* required the purchaser to take additional steps to ensure adequate notice once he learned that the certified mail notice was unclaimed. *Id.* It further held that this burden fell "squarely" on the purchaser, and the fact that the collector had provided notice by publication of the tax sale of the property "would not meet the longstanding requirements of notice explained in *Mullane*." *Id.* The court held that the unclaimed notice of redemption was "constitutionally insufficient." *Id.* at 53. "Some follow-up notice was required, whether by regular mail, posted notice calculated to notify the owner or service by a process server." *Id.* It concluded:

> The circuit court correctly concluded that the notice of redemption rights, as prescribed in section 140.405, is insufficient. In the absence of a legislated corrective, those who use governmental authority to take property, even in tax delinquency situations, will have to take heed of the notice requirements of the *Mullane* through *Jones* line of constitutional cases.

*Id.* (footnote omitted).

Defendants first argue that *Schlereth* and *Jones* do not apply because they were directed towards notices of redemption, not notices of sale. We disagree. *Jones* was directed to two pre-sale notices. Although *Schlereth* addressed the adequacy of a post-sale redemption notice, it did not hold that a pre-sale notice was not subject to the due process requirements set out in *Jones*.

■ Defendants next argue that due process notice is not required before the sale because there is no taking until the collector's deed is issued, so post-sale notice of redemption is all that is required. Again, we disagree.

The Jones–Munger Act (sections 140.010–855 RSMo (2000 & Cum.Supp. 2008)) requires a collector to provide notice of an upcoming tax sale by publication. Section 140.170. The act does not place any duty on a collector to provide an interested party with any other type of pre-sale notice. However, the Missouri Supreme Court has held that pre-sale notice by publication pursuant to section 140.170 RSMo (1969) does not satisfy due process if the names and addresses of persons with legally protected interests are known or easily ascertainable. *Lohr v. Cobur Corp.*, 654 S.W.2d 883, 886 (Mo. banc 1983). In that situation, notice must be mailed to the person's last known available address or personally served. *Id.*

In *Schwartz v. Dey*, 665 S.W.2d 933 (Mo. banc 1984), the Missouri Supreme Court again addressed the issue of adequate pre-sale notice. In that case, in successive years, the collector sent notices of delinquent taxes due and notices of the dates of the tax sales if the taxes were not paid. All of the notices were sent to the address of the property in question and all were returned by the post office and produced no response. The collector also published

notices of tax sale pursuant to section 140.170 RSMo (1978). In addition, the collector consulted a local telephone directory and tax files for an alternate address but found nothing. The court reviewed the due process requirements as set out in *Mullane* and expanded in later cases. It held that "it is now established that the right to meaningful notice extends to actions affecting property interests in a variety of circumstances and that due process imposes corresponding duties upon those who would affect the rights of holders of such property interests." *Schwartz*, 665 S.W.2d at 934. It further held: "Thus, due process requires that known parties whose rights would be affected by a tax sale be afforded notice reasonably calculated under all of the circumstances to apprise them of the pendency of the action." *Id.* at 935. It continued:

> The facts of this case, however, require a determination of what efforts, if any, must be made by a collector when it is or should be apparent that notices mailed to that address are ineffective. Several authorities suggest that when the party seeking to affect a property interest is itself on notice of the failure of mailed notice to inform an interested party, the party must take further action to determine a more accurate address or otherwise ensure receipt of meaningful notice.

*Id. Schwartz* specifically applied due process requirements to pre-sale notices and, presaging *Jones*, held that if mailed notice

is ineffective, the party giving notice must take further action to ensure the receipt of meaningful notice. *Id.*

Defendants argue that the later enactment of section 140.405, providing for post-sale notice of the right to redeem, relieved a collector of the duty to provide due process notice before sale.[3] The cases on which defendants rely are primarily cases that deal with a purchaser's obligation to give post-sale notice to lienholders and consider only whether section 140.405 provides a constitutionally adequate method of notice of a post-sale right to redeem in lienholders.[4] None of these cases intimate that the enactment of section 140.405 or its amendments relieves a collector's duty to give constitutionally adequate pre-sale notice to the owners.

The trial court did not misapply the law. *Schwartz* constitutes the controlling Missouri Supreme Court opinion on a collector's obligation to give an owner constitutionally adequate pre-sale notice. *Schwartz* is consistent with *Jones*, which requires a collector to take additional reasonable steps to provide notice of a tax sale prior to the sale when the original mailed notice was returned undelivered, if it is practicable to do so. Point one is denied.

## II. *Sufficiency of Record*

■ For their second point, defendants assert that the trial court erred in granting plaintiffs' motion for summary judgment because, even if the Collector had a

---

3. Under section 140.405, once the delinquent property is sold at a tax sale, it then becomes the purchaser's responsibility to provide all interested parties with notice of their right to redeem the property using certified mail. *See M & P Enterprises v. Transamerica Finan.*, 944 S.W.2d 154, 157–58 (Mo. banc 1997); *Keylien Corp. v. Johnson*, 284 S.W.3d 606, 610–13 (Mo.App.2009).

4. Defendants also rely on *Trapf v. Lohr*, 666 S.W.2d 414 (Mo. banc 1984) to support their argument that the Collector provided sufficient notice of the tax sale to plaintiffs. However, *Trapf* is inapposite because in that case the court found that plaintiff, the former owner of the property sold at a tax sale, received actual notice of the tax sale, and also had further communication with the collector prior to the tax sale. *Id.* at 415.

constitutional duty to provide prior mailed notice of the tax sale to plaintiffs, plaintiffs failed to present sufficient evidence that the Collector failed to take additional reasonable steps, if practicable, to provide notice to defendants. Plaintiffs respond that the evidence that the Collector did nothing was sufficient.

In *Schwartz*, the trial court dismissed the purchasers' lawsuit to set aside a collectors' deed on the ground that the purchasers were not entitled to a pre-sale notice beyond the notices that were mailed but not delivered. As we have previously set out, the Missouri Supreme Court reversed, holding that when the collector learned that mailed notice had failed, the collector was required to take some further action. 665 S.W.2d at 935. The record before the court in *Schwartz* demonstrated that the collector had taken two additional, but unsuccessful, steps to learn the owner's address. The owners argued that the collector could have taken further steps to give notice. The court held:

> The record before the Court, however, does not indicate the means at the Collector's disposal by which he could conceivably have obtained the Schwartzes' actual address; the trial court granted dismissal in favor of the Deys before such evidence could be adduced. Under *Mullane* and *Mennonite, supra*, the facts of this case raise justiciable constitutional questions concerning the duty to afford a non-resident owner meaningful notice. It can no longer be said that a property owner's duty to supervise his property interest in all cases outweighs the duty of a taxing authority to provide him with constitutionally sufficient notice. *See* Comment, The Constitutionality of Notice by Publication in Tax Sale Proceedings, 84 Yale L.J. 1505, 1515–16

(1975). The posture of this case demonstrates that the parties should be afforded the opportunity to develop a record upon which a court could assess the means available to the Collector in balance with the duties imposed by due process.

*Id.*

In this case the parties have argued various steps the Collector could or could not have taken, but none of these have support in the summary judgment record. We cannot determine whether, under the circumstances, additional reasonable steps to ensure adequate notice were available to the Collector without such a record. Point two is granted.[5]

### III. Sufficiency of Evidence–Corporate Status

For their third point, defendants assert that the trial court erred in granting plaintiffs' motion for summary judgment because plaintiffs did not prove that they are lawfully organized entities authorized to prosecute this action. In their argument, defendants contend that plaintiffs failed to prove that plaintiff, Investment Corp. of the Virginias, Inc., is a Florida corporation in good standing or that plaintiff, Woods & Streams Land Co., LLC, is a Missouri limited liability company in good standing.

This argument has no merit. The applicable portion of Rule 55.13 provides:

> When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the person shall do so by specific negative averment, which shall include such

---

5.   Since this case is being remanded, the record to be developed should also indicate if

this is a first, second or third offering sale, in case any future issue turns on that distinction.

supporting particulars as are peculiarly within the pleader's knowledge.

"A denial in general terms is insufficient to constitute a 'specific negative averment' as required by Rule 55.13." *Gilmore v. Bi-State Development Agency*, 936 S.W.2d 193, 194 (Mo.App.1996). *See also Cornejo v. Crawford County*, 153 S.W.3d 898, 901 (Mo.App.2005). A denial based on insufficient knowledge or information is insufficient to raise the issue under Rule 55.13. *Fox Plumbing Supply, Inc. v. Kootman*, 955 S.W.2d 220, 221–22 (Mo.App.1997). Further, Rule 55.27(g)(1) provides that the defense "that plaintiff does not have legal capacity to sue," is waived if the party raising the defense fails to include it in a motion or in that party's responsive pleading. Failure to raise the issue of a plaintiff's standing in a responsive pleading before the trial court or in response to a plaintiff's motion for summary judgment waives any subsequent claim that a party lacks capacity to sue. *Cornejo*, 153 S.W.3d at 901.

Defendants waived this issue in all of the above respects and more. In their petition, plaintiffs alleged that "Plaintiff Investment Corp. is a Florida corporation in good standing," and that "Plaintiff Woods & Streams is a Missouri limited liability company in good standing." In their answers, both defendants stated that they were without sufficient knowledge to admit or deny plaintiffs' allegations. Defendants did not raise this issue as a defense in their response to plaintiffs' summary judgment. Moreover, defendants set out plaintiffs' respective corporate status as an additional fact in their Reply to Plaintiff's Statements of Uncontroverted Facts and as an uncontested fact in their own motion for summary judgment.

Defendants' challenge to plaintiff's capacity to sue cannot be raised for the first time on appeal. *See Cornejo*, 153 S.W.3d at 901. Point three is denied.

*Conclusion*

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS and NANNETTE A. BAKER, JJ., concur.