# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Todd Bowen,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0654** (Cabell County 18-C-39)

**Sugarcreek, Inc.,**
**a West Virginia Corporation,**
**Plaintiff Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Todd Bowen, by counsel Andrew S. Dornbos, appeals the Circuit Court of Cabell County's June 18, 2019, order entering judgment in respondent's favor following a bench trial on respondent's breach of contract claim. Respondent Sugarcreek, Inc., by counsel William T. Watson, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 12, 2013, Respondent Sugarcreek, Inc., ("Sugarcreek") sold to Petitioner Todd Bowen a certain piece of real property located in Cabell County, West Virginia, (the "property") for $64,900. Mr. Bowen executed a promissory note in the principal sum of $64,900, in which he agreed to make monthly payments of $1,400 for thirty-five months and a final balloon payment of the outstanding balance on the thirty-sixth month. Mr. Bowen defaulted on the note.

Sugarcreek sued Mr. Bowen to recover the balance due under the note (Civil Action No. 14-C-927). The parties reached a resolution in the prior lawsuit requiring Mr. Bowen to transfer the property back to Sugarcreek and to pay all outstanding liens against the property. This agreement was documented in the circuit court's dismissal order entered on April 9, 2015. Mr. Bowen was unable to transfer title to Sugarcreek, however, because he lost the property to foreclosure. Mr. Bowen had executed a deed of trust in favor of Peoples Bank, N.A., but did not make the required payments to the bank. At foreclosure, a third-party purchased the property for approximately $40,000.

1

Because Mr. Bowen could not comply with the parties' earlier agreement requiring him to transfer the property to Sugarcreek, the parties negotiated a new agreement requiring Mr. Bowen to make monthly payments of $1,100.[1] Mr. Bowen made only one payment under the new arrangement.

On January 19, 2018, Sugarcreek filed the instant lawsuit, which requested judgment in the amount of $63,800, representing the balance due under the promissory note after Mr. Bowen's lone payment of $1,100. The parties appeared for a bench trial on May 28, 2019. Before trial began, Mr. Bowen argued that Sugarcreek's suit was barred under the doctrine of res judicata in light of the earlier dismissal order.[2] The circuit court stated that it would proceed to take evidence and then make a decision "as to whether or not that should be enforced or whether or not I'll just issue a verdict on what I hear today."

During the bench trial, Sugarcreek introduced into evidence the initial deed to the property from Sugarcreek to Mr. Bowen, Mr. Bowen's promissory note, the prior dismissal order, e-mail exchanges between Sugarcreek's counsel and Mr. Bowen related to the subsequent agreement to satisfy the outstanding balance due under the promissory note, and a record of the single payment made by Mr. Bowen under that subsequent agreement. By order entered on June 18, 2019, the circuit court determined that Sugarcreek had "proven by a preponderance of the evidence that a valid and enforceable contract existed between the parties, that Todd Bowen is in default, and that Todd Bowen presently owes $63,800.00 on the contract." The court further found that Sugarcreek's suit was not barred by res judicata. Accordingly, the court entered judgment in the amount of $63,800, costs in the amount of $200, and post-judgment interest at the statutory rate. This appeal followed.

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

---

[1] The record is not clear as to the date of this new arrangement; however, the evidence in support of it consists of e-mails between Sugarcreek's counsel and Mr. Bowen dated July 28, 2015, August 3, 2015, and August 4, 2015. Another correspondence documents payment from Mr. Bowen in the amount of $1,100 on September 22, 2015.

[2] Sugarcreek had earlier moved to set aside the dismissal order entered in Civil Action No. 14-C-927, but because more than three terms of court had passed between the entry of the dismissal order and Sugarcreek's filing of its motion to set it aside, the court denied the motion. *See* W. Va. Code § 56-8-12; W. Va. R. Civ. P. 41(a)(2).

Mr. Bowen raises two assignments of error on appeal. First, Mr. Bowen argues that Sugarcreek's claim is barred by res judicata. Mr. Bowen claims that the issue tried in the instant civil action was previously resolved in Civil Action No. 14-C-927, as evidenced by the dismissal order entered on April 9, 2015, and he claims that that dismissal order as well as the judgment order entered in the instant case amount to a double recovery in Sugarcreek's favor.

In syllabus point 4 of *Blake v. Charleston Area Medical Center, Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997), we held that three elements must be met before a lawsuit will be barred by res judicata:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Typically, the third element is the "focal point": "the central inquiry on a plea of *res judicata* is whether the cause of action in the second suit is the same as the first suit." *Beahm v. 7 Eleven, Inc.*, 223 W. Va. 269, 273, 672 S.E.2d 598, 602 (2008) (citation omitted). With respect to the third element, we have stated that

> [t]he test to determine if the . . . cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues. . . . If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by res judicata.

*Blake*, 201 W. Va. at 476, 498 S.E.2d at 48 (citation omitted).

We find that the two causes of action were not identical. While both suits were connected to the sale of the property from Sugarcreek to Mr. Bowen, the second suit involved—and required Sugarcreek to produce evidence in support of—Mr. Bowen's breach of the parties' subsequent agreement obligating Mr. Bowen to remit monthly payments in satisfaction of the purchase price, which the parties entered into once Mr. Bowen was unable to comply with the court's directive in Civil Action No. 14-C-927 to transfer the property to Sugarcreek.[3]

Additionally, we have held that "even though the requirements of *res judicata* may be satisfied, we do 'not rigidly enforce [this doctrine] where to do so would plainly defeat the ends of [j]ustice.'" *Blake*, 201 W. Va. at 478, 498 S.E.2d at 50 (citation omitted). Thus, even if the required elements were met, we find that to apply res judicata to Sugarcreek's instant lawsuit would defeat the ends of justice and leave Sugarcreek without recourse for Mr. Bowen's breaches.

---

[3] Because all three elements need to be established for a claim to be barred by res judicata, our finding as to this third element obviates the need the address the other two. *See Blake*, 201 W. Va. at 472, 498 S.E.2d at 44, syl. pt. 4, in part ("Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied.").

First, Mr. Bowen failed to make the necessary payments required under the promissory note. After reaching an agreement for Mr. Bowen to transfer the property back to Sugarcreek due to this initial breach, Mr. Bowen lost the property to foreclosure. Then, after Mr. Bowen agreed to remit the outstanding balance to Sugarcreek, Mr. Bowen breached that agreement, leaving Sugarcreek without either the property or payment for it. Accordingly, we find no error in the circuit court's determination that Sugarcreek's suit was not barred by res judicata.

In Mr. Bowen's second and final assignment of error, he argues that Sugarcreek failed to mitigate its damages. Mr. Bowen states that Sugarcreek had the opportunity to purchase the property at foreclosure at a lower price than that sought from Mr. Bowen, yet the circuit court purportedly failed to "take this information into account in determining the damages award."

> In West Virginia, we have recognized that one generally has a duty to mitigate damages: "As a general rule a person whose property is endangered or injured must use reasonable care to mitigate the damages; but such person is only required to protect himself from the injurious consequence of the wrongful act by the exercise of ordinary effort and care and moderate expense."

*Chesser ex rel. Hadley v. Hathaway*, 190 W. Va. 594, 600, 439 S.E.2d 459, 465 (1993) (citation omitted). "Mitigation of damages is an affirmative defense, and its burden is entirely on the contract breaker." *Martin v. Bd. of Educ. of Lincoln Cty.*, 120 W. Va. 621, 623, 199 S.E. 887, 889 (1938) (citation omitted).

Although Mr. Bowen had the burden of establishing that Sugarcreek failed to mitigate its damages below, the only evidence offered in support of that defense was Sugarcreek's president's testimony that he "guesses" he had the opportunity to purchase the property at the foreclosure sale.[4] But "a plaintiff is not required to take actions which are impractical, disproportionately expensive, or likely futile. The scope of a plaintiff's duty to mitigate damages depends on the particular facts of the case." Syl. Pt. 2, in part, *Kay v. McGuirewoods, LLP*, 240 W. Va. 54, 807 S.E.2d 302 (2017). Without adequately developing the mitigation issue below to demonstrate that purchasing the property at foreclosure would not have been impractical or disproportionately expensive, Mr. Bowen did not sustain his burden of proving that affirmative defense.

Furthermore, in his argument to this Court, Mr. Bowen does not cite to any law to support his contention that Sugarcreek failed to mitigate its damages, nor does he explain how the expenditure of more than $40,000 would, in fact, mitigate Sugarcreek's damages. We have stated repeatedly that "a skeletal argument, really nothing more than an assertion, does not preserve a claim." *State v. Benny W.*, 242 W. Va. 618, __, 837 S.E.2d 679, 694 (2019) (citing *State v. Fleming*,

---

[4] Sugarcreek's president and co-owner, Forrest Donahue, was asked if he had the "opportunity to purchase [the] property back when it was foreclosed on?" Mr. Donahue testified, "Well, I guess I did. I went to the auction and that guy bought it. I think about $40,000, and I didn't bid that much. I thought, 'well'—it was in the paper for sale and they had sold it down here at the front steps of the courthouse." Mr. Donahue further agreed that, "[i]f [he] wanted to, yes," he could have purchased the property at the foreclosure sale for close to the same amount paid by the successful buyer.

4

237 W. Va. 44, 58, 784 S.E.2d 743, 757 (2016)). Accordingly, we find no merit to this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison